*221 The plot in the ejectment is referred to and made part of the proceedings.
The substance of the argument of Hall and Goldsborough, on the part of the defendant, was: That there does not appear to hare been any fraud committed by the taker up, or that he got the land upon easier terms than it might have been obtained on an escheat warrant j that the probability is, that the interfering in the survey was owing to mistake, which often happens in such old surveys, and that when Beckford was surveyed, there is no reason to apprehend that uncultivated land was held higher merely because it had beexr before granted, and it does not appear that there was any improvement; that if there had been any fraud committed by the taker up, it had been purged by the subsequent fair purchasers, without notice; 1 Eq. Abr. 333. sect. 1. Siderfn, 153. 2 Fern. 384. Godb. 161. That the objection only lay to part, and a small part, of Bedford, and that the patent could not be vacated in part, nor in the whole, when the irregularity happened only as to part; that Anderson, the taker up, was to be discountenanced, from the circumstance of his being guardian to the defendant when a minor, and that White came under him with notice.
Johnson on the other side : That the method of the application by bill was proper; 1 Fern. 370. 378. that the Proprietary having jura regalice by the charter, is to be considered on this matter in the royal capacity. That the cases cited are answered by this, that the patent was originally void, Freeman’s Rep. 172. and what is void cannot afterwards, by subsequent circumstances, be made good. That the whole patent ought to be vacated, since the difficulty in vacating part proceeds from the party’s act.
Reply. That if the whole of a patent ought to be vacated, because part of the land granted was surveyed contx-ary to the terms of the warrant, almost all the grants in Maryland would be destroyed, because it is notorious that very few surveys are made clear of other grants; that the *222 act of 1758 shews in what light the Legislature has constdered guardians taking advantage of their wards;
JDulany. As this matter came to a hearing, on motion t0 ^^sso^ve an injunction, I conceive that most of the points advanced cannot now be properly considered.
Whether the land was cultivated, or not, does not certainly appear; if it was not, I think it would be hard to maintain, that there was that kind of deceit, or fraud committed in obtaining a grant so long ago, especially after purchases, and so long an acquiescence, as would afford a foundation for vacating the grant. On the contrary, as long possession carries with it a presumption of right, I. think there is an evidence, arising from that circumstance, that the land Was not cultivated, if the being in that state is a supposition to be made in the idea of right. The possession being the only evidence in the case, at present, and the transaction being so remote, that the defendant could not be acquainted with it, I conceive that in the present state of the cause, it is to be taken that the land was not cultivated. If the land was not cultivated, it is hardly to be imagined that a fraud could be intended, or that the Proprietary was injured, because, at the time when Beckford was granted, the mere circumstance of its having been before surveyed in part, could hardly have raised the price.
If there had been such a fraud originally committed as would have made the grant void, a purchase subsequent without notice would not have altered the case.
If it were not too early, there, I think, might be well made another point, viz. whether the taker up of Anderson! s Adventure, ought not to be considered in equity as a trustee for the defendant, he being then the defendant’s guardian, and inasmuch as the answrer swears that White came in with notice, whether, he would not be subject to the trust. Vid. 1 Domat. tit. Tutors, from 248 to 264. ■ 1 P. Wins. 705. 2 P. Wins. 107. 122. Faugh. 181. 183. That a guardian is a trustee. 2 Chan. Ca. 245. Finch’s Rep. 450. 2 Fern. 480-
The injunction was dissolved and the case was, at May Term, 1769, entered abated.