<div align="center">CHALMERS et ux. vs. CHAMBERS.</div>

<div style="float:right">1823.

Chalmers
vs
Chambers.

JUNE.</div>

APPEAL from a decree of the court of chancery. The case, which is fully stated in the opinion of the court, was argued at this term before BUCHANAN, EARLE, MARTIN, DORSEY, and STEPHEN, J. by

*Magruder*, for the appellants, and by

*Winder*, for the appellee.

The opinion of the court was delivered by

EARLE, J. The bill or petition in this case, states the execution of a mortgage deed by the appellants to the appellee, and the reason of its not having been recorded within six months according to the act of assembly, and it seeks to obtain a decree for recording the said deed of mortgage, and closes with a general prayer, that the complainant may have such other and farther relief as his case may merit. The late chancellor decreed, unless the mort-

<div style="float:right; font-size:small">The relief to be given under a general prayer in a bill, must be agreeable to the case made by the bill, and not different from, or inconsistent with it.

Where a bill was filed to have a mortgage deed recorded which had been omitted to be recorded within six months, and closes with a general prayer for other and further relief, &c. a decree that the mortgage premises be sold, &c. is not within the relief prayed by the bill.

A bill for one purpose cannot be made to answer another.</div>

1823.

Chalmers
vs
Chambers

gage money was paid, or brought into court by a limited time, that the mortgage premises should be sold for the payment of it, and he appointed a trustee to make the sale. Shall we affirm this decree of the chancellor? is the question.

The relief granted is not the special relief sought by the complainant; and if the decree is to be sustained, it must be under the general prayer for relief in the close of the bill. As to the relief to be given, under a general prayer, the rule is, that it must be agreeable to the case made by the bill, and not different from it, or inconsistent with it. The case made by the bill here, is the execution of the mortgage deed, and the omission to have it recorded, within the period prescribed by law; and the relief given, is a sale of the mortgage premises, to pay the mortgage debt. Is this relief agreeable to the case made by the bill? is the particular point to be by us decided. In forming an opinion on it, we have not much hesitation. Can that relief be said to be agreeable to a case made in a bill, which must from its nature be founded on another and a different case? A decree to foreclose and sell mortgaged premises, must be based on the nonpayment of the mortgage money, at the stipulated time, and of this the chancellor ought to be convinced when he makes the decree. It should be stated in the bill specifically, that the defendant may not be surprised, but may have an opportunity to show the mortgage money paid and satisfied. This bill was filed about the time the first instalment of the mortgage money became due, and twelve months before the residue of it was payable; and if the case set forth in the bill had apprised the defendants of the object of the complainant to foreclose and sell, they might have shown the first instalment paid, and that at the time of the filing of the bill, the complainant was not entitled to the redress asked by him; at least they might have had an opportunity of showing this, which the bill as framed deprived them of. There must have been, on the hearing of this case, a total desertion of the specific relief prayed, and under the general prayer, specific relief of another description asked, which is wholly inadmissible. The bill made for one purpose cannot be made to answer another.

DECREE REVERSED WITHOUT PREJUDICE.