(Decided 30th March, 1880.)

GUSTAV RUPPERTSBERGER *vs.* JAMES CLARK & COMPANY.

*Injunction to stay Execution of a Judgment—Agreement as to a Bill of Exceptions to be Signed after the Term—Compulsory Writ requiring a Judge to Sign and Seal a Bill of Exceptions.*

In May, 1878, the appellant filed a bill for an injunction against the appellees to stay execution of a judgment obtained by them against the appellant at the December term, 1877, of the Circuit Court for Baltimore County, and for general relief, on the alleged ground that an agreement was made between the attorneys of the respective parties to extend the time till the 15th March, 1878, for having a bill of exceptions signed, as the prayers had been lost and time was needed for preparing the exceptions, and that through the act of the appellees' attorney, the Judge to whom the bill of exceptions (finally agreed upon) had been mailed, was induced not to sign it. The appellees' attorney denied the material averments of the bill. It appeared from the testimony that the time was limited to the 14th March inclusive, and that through the fault of the appellant's attorneys, the bill of exceptions did not reach the Judge till the 19th March. HELD:

1st. That the complainant was without any equitable claim to relief; and that the injunction could not be granted.

2nd. That under the prayer for general relief, the complainant was not entitled to have a compulsory writ requiring the Judge to sign and seal the bill of exceptions.

Ruppertsberger *vs.* Clark & Co.

Such a writ is not granted upon a bill of complaint against the other parties to the cause, but must be specifically prayed, in a proper proceeding for that purpose as against the Judge.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court. The rule of Court therein mentioned, provides, that "every bill of exceptions taken to the ruling of the Court, in the progress of the trial, must, if required by either party, be prepared and settled before the verdict is rendered; and in every case, unless otherwise expressly allowed by the Court, the bill of exceptions shall be prepared and submitted to the Court during the term at which it shall have been taken."

The cause was submitted to BARTOL, C. J., BRENT, ALVEY, ROBINSON and IRVING, J.

*C. B. Slingluff* and *R. R. Boarman*, for the appellant.

*John S. Tyson*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The appellees recovered a judgment against the appellant in the Circuit Court for Baltimore County, at the December term 1877, for $795.61, and costs.

The bill of complaint in this case, was filed by the appellant on the 6th day of May 1878, for the purpose of obtaining a writ of injunction to stay execution upon the judgment, and for general relief. An injunction was issued as prayed, and on the hearing of the case upon bill, answer and proofs, a decree was passed dissolving the injunction, and dismissing the bill with costs. From that decree the present appeal was taken.

The bill alleges, that at the trial of the case at law, in which the judgment was rendered, an exception was taken to some of the evidence offered on the part of the plaintiffs Clark & Co., by the defendant, and the defendant offered three prayers, two of which were granted, and one overruled; that all of the prayers have been lost, and although your complainant took an appeal from the ruling and decision of the Court; from the fact of the loss of the prayers, &c., aforesaid, it was impossible for him to have a bill of exceptions prepared within the time required by law. That the complainant's attorneys agreed with the attorney for the appellees to extend the time for having the bill of exceptions signed, until March 15th 1878, and after the term at which the case was tried had passed. The bill then alleges, that several diligent but unsuccessful searches were made for the prayers, and relates the efforts which were made by the complainant's attorneys to prepare a bill of exceptions, to which the respondents' attorney would agree; and states that the respondents' attorney at length prepared a bill of exceptions, which though not entirely satisfactory to them, was nevertheless agreed to by them, and was by them sent to the respondents' attorney in time for him to mark his assent thereon, and to be sent by him to Judge WATTERS at Bel-Air, to be signed by him by the 15th of March 1878, and charges, that the failure to send the same to Bel-Air, was the fault of the respondents' attorney. It is alleged, that the bill of exceptions reached Judge WATTERS on the 16th day of March 1878; but that the respondents' attorney notified the Judge by letter that he did not consent to its being signed after the 15th. And it is charged in the bill, that the complainant's attorneys have been surprised by the action of the respondents' attorney in this respect, that in an interview with him they certainly understood, from conversations with him, that no advantage would be taken of a failure to have the bill of exceptions signed by

the Court by March 15th 1878; his conversation being directed to the fact, that he wanted the case tried at the succeeding April term of the Court of Appeals.

The answer denies many of the allegations of the bill and sets out, a very different state of facts from those contained in the bill.

The following facts are shown by the testimony and exhibits filed with the commission:

1st. That by the written agreement between the attorneys, the time for signing the bill of exceptions was extended till March 14th 1878, *inclusive*—that is before the 15th.

2nd. That the loss of the prayers occasioned no real difficulty in the preparation of the bill of exceptions. The only prayer of the defendant in the case which was refused, raised the same question presented by the exception to the evidence offered by the plaintiffs. It appears that as early as March 6th, the attorneys agreed on a bill of exceptions, that one was prepared accordingly on that day by the appellees' attorney, and sent by him the following day to the appellant's attorneys at Towsontown, that they agreed to it, but neglected to forward it to the Judge at Bel-Air, retained it till the 14th of March, and then sent it to the appellees' attorney in Baltimore, to be by him sent to Bel-Air by mail, which it was impossible for him to do within the time prescribed by the agreement; it reached him on the morning of the 15th. It was however sent by him by the first mail, that of the 16th, reached Bel-Air on that day, and was received by the Judge on the 19th who then declined to sign it, the appellees' attorney not consenting thereto, but insisting that it was too late under the agreement.

It was quite unnecessary, and a piece of inadvertence on the part of appellant's attorneys to send the bill of exceptions back to the appellees' attorney for his approval, as he had informed Mr. Boarman one of appellant's attor-

neys on the 12th of March, that he approved of the bill of exceptions as prepared by himself, and had written to the Judge to that effect. It thus appears that the delay was caused entirely by the fault or *laches* of the appellant's attorneys, and not by any fault of the appellees or their attorney.

3rd. The only agreement for the extension of time for signing the bill of exceptions, is the written agreement above alluded to. There is no sufficient evidence that the appellees' attorney made any other agreement or waived the right of his clients to insist upon its performance.

4th. It does not appear that any appeal was ever prayed or entered, from the judgment.

It follows that the complainant is without any equitable claim to relief and that the injunction was properly overruled.

The question sought to be raised by the bill of exceptions produced in evidence before the commissioner, cannot of course be considered on this appeal.

It has been argued on the part of the appellant, that under the prayer for general relief he is entitled to have a compulsory writ requiring the Judge to sign and seal the bill of exceptions; but it is clear that under this proceeding no such relief can be granted.

The bill of complaint does not state a case which would have warranted the Judge in signing the bill of exceptions under the Rule of Court exhibited in the record. *Wheeler vs. Briscoe*, 44 *Md.*, 308.

A prayer for general relief cannot entitle the complainant to any relief not warranted by the facts alleged and proved. Besides a compulsory writ of that kind is not granted upon a bill of complaint against the other parties to the cause, but must be specifically prayed, in a proper proceeding for that purpose as against the Judge. *Marsh vs. Hand*, 35 *Md.*, 123 ; 2 *Ev. Harris*, 424.

The decree of the Circuit Court will be affirmed with costs to the appellees.

*Decree affirmed.*

(Decided 30 March, 1880.)