# THE RIVERSIDE BRICK CO. *vs.* WM. F. WHEATLEY, JR., ET AL.

*Equity Pleading—Prayer for General Relief—Fraudulent Conveyances.*

A bill was filed to vacate and annul two mortgages executed by one of the defendants on the ground that they were fraudulent, as against the plaintiff and to subject the land to his claim. It was held that one of the mortgages, although fraudulent, as alleged, was a valid lien because it had been assigned to a *bona fide* purchaser, and that the other mortgage was not proved to be fraudulent. Plaintiff then asked for a personal monetary decree against the defendants. *Held,* that such a decree cannot be made under the prayer for general relief because not consistent with the purpose of the bill and not warranted by its allegations, and that the bill must be dismissed.

Appeal from a decree of the Circuit Court of Baltimore City (WICKES, J.), dismissing the bill of complaint.

The cause was submitted to the Court on briefs by :

*S. S. Field* for the appellant.

*Edward L. Ward* for the appellee.

BRISCOE, J., delivered the opinion of the Court :

The object of the proceeding in this case is to have two mortgages from one of the appellees to the appellee Conway vacated and declared void, as being in fraud of creditors and to subject the land described in them to the payment of the appellant's claim.

It is alleged by the bill that the appellant, the Riverside Brick Company, a body corporate, of the city of Baltimore, on or about August 27, 1898, sold and subsequently delivered a certain quantity of bricks, at the price of $1,843.12, to be used in building houses on the mortgaged land ; that the sale was made to one George A. Mueller, lessee of the appellee, Wheatley, upon an agreement in writing that Wheatley would pay for them on demand if Mueller should refuse to do so ;

that the sale was made upon a representation by Wheatley that he was the owner in fee of the land, it having been conveyed to him by the defendant Conway, by deed dated and recorded contemporaneously with the lease to Mueller, that there was no incumbrance upon the record, and the appellant had no knowledge of any at the time of the sale of the bricks.

It is further alleged that the appellant subsequently ascertained that on the 29th of August, 1898, a mortgage upon this property had been executed by Wheatley to Conway to secure an indebtedness of $3,500, but the mortgage was not recorded until September 19, 1898; that on the 1st day of October, 1898, a second mortgage on the same land was executed by the same parties to secure an additional indebtedness of $2,500, and the latter mortgage was never recorded until November 5, 1898.  It is then averred that the first mortgage was purposely withheld from the records to enable the defendant Wheatley to deceive by false representation, and that the consideration mentioned in the second mortgage is false and was given as a part of a scheme to defraud.  The prayer of the bill is that the two mortgages be declared fraudulent and void and be set aside, and the land be subjected to the payment of the appellant's claim.  There is also a prayer for general relief.

Subsequently, on the 22nd of March, 1899, John H. Morgan was made a party defendant, and in his answer to the bill admits the execution of the first mortgage, but insists that he is a *bona fide* holder for value before maturity of this mortgage, without notice of any fraud or irregularity, and that he is entitled to have his rights protected by the Court.

After answer by the other defendants denying the allegations of the fraud, testimony was taken on both sides, and after a hearing, the Court decreed that while the first mortgage was fraudulent and void as against the appellant's claim, it was a valid and effective lien in favor of the defendant Morgan.  It also sustained the validity of the second mortgage and dismissed the plaintiff's bill, and it is from this decree that the appeal has been taken.

The appellant, however, consents by an agreement filed in

this Court since the appeal that the decree shall be affirmed in so far as it sustains the validity of the first mortgage, in protecting the rights of the defendant Morgan, but it contends that the Court below committed an error in dismissing the plaintiff's bill, but should have passed a personal· monetary decree against the defendants Wheatley and Conway for the amount of which they defrauded it.

It is a well-established rule and has been repeatedly held by this Court that a party cannot have relief which is contrary to the purpose of his bill and not within its scope.   The rule is that it must be agreeable to the case made by the bill, and not different from it or inconsistent with it.   *Chambers* v. *Chambers*, 6 H. & J. 30.

It will be seen that the special object of the bill in the case now under consideration was to vacate and to declare fraudulent two mortgages and to subject the land conveyed by them to the payment of the plaintiff's claim.   The decree passed by the Court sustained the validity of both of the mortgages ; the first, because it was held by a *bona fide* purchaser, for value, and the second, because there was no evidence in the case to attack it.   It is clear, then, that the relief sought by the plaintiff is not specifically contained in the prayer of the bill, and to grant it under the general prayer would not be warranted by the facts alleged and proved in the case.   It would not only be of a different character from the specific relief asked, but would be beyond the object of the bill.   A Court of equity must always decree upon the allegations in the bill of the complainant and it is not justified in going beyond them.   *Ringgold* v. *Ringgold*, 2 H. & G. 1.

The cases relied upon by the appellant are clearly distinguishable from the case at bar.   There can be no question that when a Court of equity has once rightfully acquired jurisdiction it can decree full and complete relief, but in this case the facts that would give jurisdiction are absent and there is nothing to support the jurisdiction.   For these reasons the decree of the Court below will be affirmed.

*Decree affirmed with costs.*