FREDERICK PLAENKER *vs.* JOHN H. SMITH, Trustee, et al.

*Redemption of Ground Rents—Notice—Bill in Equity to Redeem—Rents Held by Testamentary Trustee—Construction of Will.*

When the owner of leasehold property is entitled to redeem the ground rent thereon under Code, Art. 21, sec. 85, he may maintain a bill in equity to enforce his right against a testamentary trustee who holds the rents and the *cestuis que trustent,* under which bill the Court will construe the will to ascertain the parties necessary to the conveyance, provided the owner of the leasehold has given, before filing the bill, the statutory notice of six months of his intention to redeem.

A testamentary trustee was directed to hold a certain fund for the bene-
fit of testator's children living at the time of his death and for his
widow and to divide the property among the children when the young-
est child should attain the age of twenty-one or when the testator's
widow should die or remarry. The widow remarried and some of the
children are still under age. A part of the fund was invested in cer-
tain ground rents which the owner of the leasehold was entitled to re-
deem, under Code, Art. 21, sec. 85, at a capitalization of six per cent
upon giving six months notice to the owner of the fee. Plaintiff, the
owner of the leasehold, filed the bill in this case against the trustee,
the testator's widow and his adult children and the guardian of the
infant children, alleging his desire to redeem the rents, that he was in
doubt as to the proper person upon whom the six months notice pre-
scribed by statute should be served, and asking the direction of the
Court in the exercise of his right to redeem the rents. Upon de-
murrer, *held,*

1st. That although the language of the will is inartificial, yet the inten
tion of the testator appears to be that the fund should be held by the
trustee until his youngest child should arrive at twenty-one years of
age, when the *corpus* was to be distributed among them, and that the
children took vested interests in their respective shares of the estate
at the death of the testator.

2nd. That since some of the testator's children are infants and the trus-
tee still holds the legal estate in the rents, the plaintiff would be com-
pelled to resort to a bill in equity in order to procure a conveyance of
the reversion.

3rd. That since the plaintiff had not given the statutory notice of his in-
tention to redeem he was not entitled to maintain the bill, such notice
being a condition precedent to the exercise of the right.

4th. That the plaintiff is not entitled to a mere declaratory decree under
Code, Art. 16, secs. 26–31, since he was able to seek further relief than
a mere declaration and omitted to do so.

Appeal from Circuit Court No. 2, of Baltimore City
(WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Arthur L. Jackson* (with whom was *Wm. B. Levy* on the
brief), for the appellant.

The usual practice seems to be to file a bill asking for the
appointment of a trustee to convey, but obviously such a bill

will not lie in this case, as one of the defendants in this bill claims to be trustee, with full power to convey and receive the money, and the question is whether such claims are correct in law.   Such a bill in this case would be properly answered by the objection that there is already a trustee, and if that be correct, then a Court of equity would not appoint a trustee of a trustee.   Such a contention could only be answered by a construction of the will, determining whether or not Smith is now trustee.   So that, the question, in either form of a bill, would resolve itself into a cause for the con-. struction of the will.   Why, then, not ask for such construction directly ?

Certainly the complainants have no remedy at law, but we understand the contention of the defendants to be, that it is the duty of the complainants to decide for themselves who is landlord, then serve a notice on *him*, take a deed from *him*, pay *him* the money, and abide by the result.   Therefore, say· the defendants, the complainants are not entitled to any relief in equity.   If this contention be correct then the complainants are .obliged to wait till the youngest child of Joseph Thomas is of full age, before they can obtain a clear title, which in this instance is seven years.   It might have been twenty years and over.   Courts of justice are certainly not so theoretical, impracticable and useless to the ordinary man of affairs as is contended by the appellees in this case.   If this contention of the appellees were good in law, the effect of this Court's decision in *Stewart* v. *Gorter*, 70 Md. 245, is absolutely destroyed, and a great step forward in the policy of improving real estate in Baltimore City is frustrated.   Rents which the law says shall be redeemable in five years can be easily made to run twenty-five years by a simple subterfuge easily constructed from this case.

It is submitted, that the bill discloses just such a state of facts as is a proper foundation for a declaratory decree. *Pennington* v. *Pennington*, 70 Md. 418.

By analogy, with *Handy* v. *Waxter*, 75 Md. 517, it would seem that the appellants are entitled to a construction of the

will, as that is necessary before they can obtain a good and *marketable* title. And further it would appear to be evident, that under the Act of 1888, he has, by virtue merely of his position as tenant, such a direct interest in the reversionary interest as entitles him to a construction of a will which may be necessary to determine the various rights in the reversion.

Collecting the various provisions of the will, it appears clearly that the testator intended that the entire remainder should pass into a trust estate, and continue so until the youngest child becomes of age, unless the widow died or married before that time, in which event, the entire trust estate should immediately cease, and the property should pass absolutely to his children. But if the contingency did not happen then, when the youngest child became of age, all the property should be divided among the children, except enough to yield and pay the widow an annuity of $300, and as to this amount, the trust should continue and the trustee should pay the annuity to the widow until she should die or marry. Then that property too, should pass to the children, free of any trust. The appellant's contention in the bill of complaint, that the trust has ceased, is proper, and therefore the lower Court erred in sustaining the demurrer.

*David M. Newbold, Jr.*, and *John P. Paca*, for the appellee.

The plaintiff in his bill does not invoke some accustomed head of equity jurisdiction, nor does he belong to one of the necessary classes. It has been asserted by the plaintiff that this suit is brought under Article 16, sections 26–31 of the Code, relating to declaratory decrees. But it is to be noted that it is only in those cases where equity would have jurisdiction, if some specific or ultimate relief were asked, that the Court would be warranted in proceeding under this statute. *Pennington* v. *Pennington*, 70 Md. 418–431. Or to state the argument in another form, the jurisdiction can only be exercised under this statute in regard to such matters as are properly cognizable by a Court of equity. *McCoy* v. *Johnson*, 70 Md. 490–493; *Cyc. Pl. and Pr.*, vol, 22, p. 1198.

2. Question as to whether plaintiff has proper interest. The interest required is not primarily in the subject-matter of the suit, *but in the specific relief prayed for. The test is, the interest which the party has in the relief prayed for. Calvert on Parties,* secs. 10–12; *Story's Equity Pleading,* sec. 72. The plaintiff's right to redeem the rents is not affected by the construction of the will. It continues unchanged, neither increased nor diminished, no matter into whose hands the Court distributes the property. Could not the will be construed with this plaintiff being a party?

3. Waiving, for the purposes of this argument, all other ground of defense, defendants contend that the will in question is perfectly clear in meaning and the trust continues in any event until the youngest child reaches twenty-one years. The confusion in plaintiff's mind arises from Article 4 of the will. The second paragraph of this article deals with the disposition of the rest and residue of the estate *after* the youngest child reaches twenty-one years of age. First out of the rest and residue a sum is to be set aside sufficient to yield $300 per year. The *remainder* of the rest and residue, and parenthetically, *all* the rest and residue, in case the widow dies or re-marries before the youngest child reaches twenty-one, is to be distributed at this time and the trust to cease. These distributions of the *remainder* of the rest and residue, and of *all* the rest and residue are to be made, according to the opening sentence, dominating the meaning of the paragraph, to-wit, when the youngest child becomes twenty-one years of age, it being contingent, *at that time* upon the previous death or re-marriage of the widow, whether only the *remainder* of the rest and residue, or *all* of the rest and residue is to be distributed, and the trust to cease.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant is the owner of the leasehold estate in three lots of ground on Biddle street in Baltimore City each of which is subject to an annual rent of forty-two dollars. The three rents were reserved by a single lease for ninety-nine

years made on the 29th of December, 1891. The rents therefore come within the operation of Art. 21, sec. 85 of the Code, which provides that "All rents reserved by leases or sub-leases of land made in this State after April 5th, 1888, for a longer period than fifteen years shall be redeemable at any time after the expiration of ten years from the date of such lease or sub-lease at the option of the tenant after a notice of six months to the landlord, for a sum of money equal to the capitalization of the rent reserved at a rate not to exceed six per cent." The effect of this statute is to give to the appellant the right to redeem the rents upon the terms and at the time set forth in the statute as fully as if the lease creating the rents had contained a formal covenant on the part of the lessor to permit such redemption.

The reversion in fee in the three lots in question with the rents reserved thereon was purchased, prior to the filing of the bill in this case, by John H. Smith, trustee, under the will of Joseph Thomas, as an investment of a portion of the funds given to him in trust by the fourth clause of the will for the benefit of the testator's wife and children. That clause of the will is a very long one and it is unnecessary to here insert it in full. Its substance may be for the purposes of this opinion be stated as follows :

It gives the rest and residue of the testator's estate to Smith in trust to annually pay out of the income thereof twenty-five hundred dollars or so much thereof as may be necessary, to the widow to be applied by her as guardian to the support and maintenance of the testator's children by her "until his youngest child by his said wife shall have attained the age of twenty-one years." Then follows a provision for paying to the widow, if the income of the trust fund prove sufficient for that purpose, three hundred dollars per year until her death or remarriage whichever should first occur. Then comes a direction to the trustee "from and immediately after my youngest child by the said Mary Frances Thomas shall have attained the age of twenty-one years" to set apart and invest from the said rest and residue of the estate suffi-

cient property to produce the annuity of $300 given to her during her life or widowhood and hold such property in trust for that purpose. Then, after a semi-colon, the clause proceeds to say : "And as to the remainder of said rest and residue of my estate including any unexpended balance that may be left over of the sums of money set apart as aforesaid for the maintenance, support and education of my children as aforesaid, and as to all of said rest and residue of my estate (including the increase thereof) in case my said wife shall have married or shall have departed this life, before my youngest living child shall have attained unto the age of twenty-one years as aforesaid that this trust shall cease and the same shall be equally divided among my children by my said wife Mary Frances Thomas, who may be living at the time of my death, their heirs and assigns share and share alike. Provided that if any of my children by my said wife shall have departed this life at the time of my death leaving a child or children, that then such child or children shall take the share of its or their parent ; and in the event of my said wife surviving and remaining unmarried at the time of the distribution directed as aforesaid, that then as to the property set apart as aforesaid for her benefit, this trust shall cease when she shall depart this life or shall marry, and the said property, together with the property bequeathed to her in the first item of this my will, shall be equally divided among all my children by my said wife, who may be living at the time of my death, their heirs and assigns, share and share alike." 

. The will confers power upon the trustee and his successors "at any time during the continuance of this trust as provided in this my will at his or their discretion to sell and dispose of the said rest and residue of my estate or any part or parts thereof," and directs that the proceeds of any such sales be reinvested upon the same trusts and declares that purchasers from the trustee shall not be liable to see to the application or investment of the proceeds of sale.

Joseph Thomas, the testator, left surviving him, in addition to his widow, Mary Frances, a daughter and two sons, all of

whom are now living. The sons are still under twenty-one years of age. The widow has married the trustee and her interest in the residuary estate of her former husband has thus been eliminated and it will not be further noticed in this opinion.

In this state of the title to the three lots in question the appellant, after the expiration of ten years from the date of their lease, desired to exercise the right conferred upon him by the Code of redeeming the rents. Being in doubt as to who was entitled to receive the redemption price and execute to him a deed extinguishing the rents he filed the bill in this case against the appellees, who are Mary Frances Smith (formerly Thomas) and her three children by the testator together with the husband of the daughter and the trustee Smith and the guardian of the two infant sons.

. The bill after narrating the facts already stated in this opinion, together with other matters which it is unnecessary for us to notice, avers that the plaintiff is in doubt as to the proper persons upon whom to serve the six month's notice of his intention to redeem the rents and to whom to pay the redemption price of the rents, and that a construction of the will of Joseph Thomas is necessary to enable him to obtain a good title to the said rents and reversions. The prayer of the bill is 1st. That the Court may take jurisdiction and "advise and direct your orator in the exercise of his right to redeem said rents ;" and 2nd for further relief.

The appellees demurred to the bill upon the ground that the will was free from ambiguity and presented no ground for doubt as to the plaintiff's rights and that the bill showed no right on the part of the plaintiff to a construction of the will or to the relief prayed for. The Court by its decree sustained the demurrer and dismissed the bill, and from that decree the present appeal was taken.

The language, used in the fourth clause of the will under consideration especially the portion of it which we have quoted in full is undoubtedly redundant and is at first sight somewhat confusing, but a careful reading of it leaves no doubt in our

minds as to the true intention of the testator in reference to the matters embraced in that clause. He intended to give the residue of his estate to Smith to be held in trust by him only until the youngest child shall arrive at twenty-one years of age when the *corpus* of such residue is to be divided equally among the children *who were living at the time of the testator's death* with the proviso that if any child should *die before the testator* leaving issue such issue should take that child's share in the division. The income is in the meantime to be applied to the support and education of the children, so far as it is required for that purpose, and the surplus is to be added to the *corpus* for ultimate division among them.

Under these circumstances the children took vested interests, in their respective shares of the residue, at the death of their father notwithstanding the fact that the legal estate therein is to be held by the trustee for their benefit during their minority. This is true whether we regard the residue, which came to the hands of the trustee in money, as continuing to be personal property or treat it as having been converted into real estate by its investment by the trustee under the power in the ground rents. *Lemonnier* v. *Godfroid*, 6 H. & J. 472; *Meyer* v. *Eisler*, 29 Md. 33; *O'Byrne*, v. *Clagett*, 9 Md. 512; *Snively* v. *Beavans*, 1 Md. 222; *Tayloe* v. *Mosher*, 29 Md. 457; *Fairfax* v. *Brown*, 60 Md. 50; *Crisp* v. *Crisp*, 61 Md. 149.

Two of the children thus entitled to vested interests in the rents upon the appellant's lots being infants and the trustee being entitled to hold the legal estate for a term which has not yet expired the appellant was compelled to resort to a bill in equity in order to procure a conveyance to him of the reversion in the lots in the extinguishment of the rents. As the entire estate to be effected by the decree proper to be passed in such a suit is not vested in the trustee the case would not be covered by the 32nd Equity Rule as to parties, and all persons interested should be made defendants, but the bill would be required to state a case showing a clear right to redeem the rents on the part of the plaintiff.

The allegations of the present bill affirmatively show that the plaintiff was not, when he filed it, entitled to exercise the right of redemption, for it states that he had not given the six months notice to the landlord which is required by the Code as a condition precedent to the exercise of that right. It confesses that its author does not know to whom to give the notice and its avowed purpose is to induce the Court "to advise and direct him in the exercise of his right to redeem said rents."

We know of no precedent for filing such a bill nor of any ground of equity jurisdiction upon which it could be sustained. It is not such a proceeding as is contemplated by the provisions of secs. 26 to 31 of Art. 16 of the Code, relating to declaratory decrees. Section 27 expressly provides that "No Court shall make any such declaratory decree where the plaintiff, being in the opinion of the Court *able to seek further relief than a mere declaration of title, omits to do so.*" The appellant before filing his bill might have given to each of the parties, whom he thought it expedient to make defendants, the statutory notice of his intention to redeem the rents and then tendered himself in his bill ready to pay the redemption price and ask for a decree requiring the defendants to submit to the redemption and providing for the execution of an appropriate conveyance to him of the legal title to the reversion in the lots upon the payment of the purchase money therefor, but he omitted to do so. He was therefore not entitled to ask for a declaratory construction of the will in advance of putting himself in a condition to ask for the specific relief of which he was in search.

The omission of the appellant in this respect is not cured by the presence in the bill of the prayer for general relief for that prayer although very comprehensive in its operation does not entitle a plaintiff to any relief not warranted by the facts alleged in the bill. *Chalmers* v. *Chalmers*, 6 H. & J. 29–30; *Hitch* v. *Davis*, 3 Md. Chy. 266, 275; *Ruppertsberger* v. *Clark*, 53 Md. 402, 406. The bill as we have already said did not allege the facts necessary to establish the appellant's

right to exercise the privilege of redemption in aid of which it was filed.

If the law did not require the giving of the notice by the owner of the leasehold of his intention to redeem as a condition precedent in order to entitle him to exercise the right of redemption we would remand this case to permit him to give the notice and amend his bill, but in view of the express terms of the statute that the rent shall be redeemable "*after a notice of six months,*" &c., we are compelled to hold that the bill was prematurely filed and was properly dismissed.

Although the appropriate bill to be filed by the appellant would not be in the strict sense a bill for the specific performance of a contract, for his right to redeem the rents rests upon the statute and not upon a contract, it would be a bill in the nature of one for a specific performance and under it the Court could construe the will, under which the defendants claim title to the rents in controversy in so far as is necessary for the purposes of the issue between the parties before it, as it has habitually done in cases of bills for specific performance. *Lurman* v. *Hubner*, 75 Md. 268; *Russell* v. *Werntz*, 88 Md. 210; *Blackshere* v. *The Trustees*, 94 Md. 723 and *Scarlett* v. *Montell, ante,* p. 148, both decided by this Court at the January term of the present year.

It follows from what we have said that the decree appealed from must be affirmed.

*Decree affirmed with costs.*

(Decided June 18th, 1902.)