# Vespasian H. Watts *vs.* The President and Commissioners of the Village of Port Deposit.

*Mandamus—Appeal—Municipal Corporations—Effect of a change of name during the pendency of an action against— Effect of Amendment and re-enactment of the sections in the Code—Construction of the Act of 1876, ch. 367, relating to the levy by taxation of sums to pay judgments against Municipal Corporations.*

Applications for mandamus and the proceedings therein, are conducted upon the law side of the Court and not in equity.

To warrant an appeal there must therefore be a final judgment in favor of the petitioner, granting the writ, or a final judgment in favor of the defendant, and dismissing the petition.

By sec. 141 of the Code of Public Local Laws, Art. 8, it is declared, that "the Citizens of the Village of Port Deposit in Cecil County, are a body politic by the name of The President and Commissioners of the Village of Port Deposit, and as such may sue and be sued," &c.; then follow a number of sections defining the powers and duties of said municipal corporation. By the Act of 1872, ch. 347, these sections are *amended* and *re-enacted*, and by said amendment, it is provided that "the inhabitants of the Town of Port Deposit in Cecil County, are a Corporation by the name of President and Commissioners of Port Deposit, and by that name shall have perpetual succession, sue and be sued," &c. This Act contained no clause *expressly repealing* the sections of the Code above referred to. HELD :

That the Act of 1872, effected no change in the corporate existence of the municipality, and that a judgment rendered in December, 1874, in a suit instituted against it prior to said Act by its old name was a valid judgment.

The Act of 1872, after conferring powers upon the said corporation to carry out which would render taxation necessary provides, that the President and Commissioners "shall have power to levy and collect taxes in said town, not exceeding in any one year thirty cents in the one hundred dollars on the assessable property of said town." The Act of 1876, ch. 367, provides that "any municipal corporation in this State against which there is a judgment

in any Court of law in this State, shall have power to levy a sum of money upon the assessable property of such municipality sufficient to pay such judgments." HELD :

1st. That the said Act of 1876, applies to the corporation and judgment above mentioned.

2nd. That the power given by the original charter and by the Act of 1872, to levy a tax not exceeding thirty cents in the hundred dollars, was a power of taxation for the general purposes intended to be provided for by those laws, and was not inconsistent with a special authority conferred by the subsequent Act to levy more when required for a particular occasion.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BRENT, MILLER and ROBINSON, J.

*Albert Constable* and *Hiram McCullough,* for the appellant.

*W. J. Jones* and *Alexander Evans,* for the appellees.

MILLER, J., delivered the opinion of the Court.

This appeal must be dismissed because the record does not show any final judgment of the Court below, in the matter pending before it, which alone will authorize an appeal in such cases. It appears a petition for a *mandamus* was filed by the appellant, and to this, after the usual order, the appellees filed an answer. The petitioner then moved to quash this answer and for a peremptory *mandamus,* and this motion on being argued and submitted was overruled by the Court. The petitioner then filed a demurrer to the answer, which the Court overruled with costs, and then as the record states, the petitioner on the same day prayed an appeal, which was granted. Applications for *mandamus* and the proceedings thereon are conducted upon the law

side of the Court, and are treated as proceedings at law and not in equity. To warrant an appeal there must therefore be a final judgment, in favor of the petitioner granting the writ, or a final judgment in favor of the defendant and dismissing the petition. No such final judgment appears in this case to have followed the overruling of the demurrer to the answer, and hence the appeal must be dismissed. But such a judgment can be obtained and an appeal will then lie, and inasmuch as the merits of the case have been fully argued, and as we have no doubt upon the questions involved, we shall proceed to dispose of them, in order to save the parties the costs and expense of another appeal.

It appears from the petition and answer that the appellant, on the 9th of September, 1871, brought an action at law against "The President and Commissioners of the Village of Port Deposit." The declaration in that suit was filed on the 2nd of December, 1873, and after the usual pleas and a jury trial, the result was a verdict and judgment against the corporation sued, in favor of the plaintiff for $499.99, rendered on the 19th of December, 1874. The present petition, which was filed on the 21st of September, 1876, asks for a *mandamus* against the appellees, commanding and directing them to make a special levy, on the assessable property of the town of Port Deposit, sufficient to satisfy this judgment and costs. This is resisted by the appellees upon two grounds, in substance as follows :

1st. Because during the pendency of the suit at law, the Act of 1872, ch. 347, was passed and went into effect, by means of which, there was such a change made in the corporation and its corporate name, as to render the judgment inoperative and void, and make it in effect a judgment against a corporation which had ceased to exist.

2nd. Because the appellees have no legal authority to levy a tax, to pay the judgment rendered against the corporation.

1st. As to the first objection.   By section 141 of the Code of Public Local Laws (Art. 8,) it is declared that ''the citizens of the Village of Port Deposit, in Cecil County, are a body politic by the name of The President and Commissioners of the Village of Port Deposit, and as such may sue and be sued,'' &c., and then follow a number of sections defining the powers and duties of this municipal corporation.   By the Act of 1872, ch. 347, these sections '' are *amended* and *re-enacted* so as to read as follows:''   By this amendment it is provided that '' the inhabitants of the Town of Port Deposit, in Cecil County, are a corporation by the name of President and Commissioners of Port Deposit, and by that name shall have perpetual succession, may sue and be sued,'' &c.   Now it is contended that as the suit was against the corporation by the name first given to it, and was prosecuted to judgment in that name, and as there is no saving clause in the Act of 1872, this amendatory law wholly made void the corporate powers of the defendant sued, and the judgment was in fact entered against a corporation which had ceased to exist, and could not therefore be enforced against the present corporation under its present corporate name.   But we cannot yield assent to this proposition.   In the case of *Dashiell vs. The Mayor & C. C. of Balto.,* 45 *Md.,* 615, we had occasion to consider the effect upon existing powers, rights and obligations of statutes· enacted under the provisions of our State Constitution, repealing and re-enacting, or amending and re-enacting former laws, without any saving clause as to such rights and powers, and we there held, that where the subsequent law re-enacted substantially the same provisions as those contained in the original Act, the continuity, as to those provisions of the original law was not interrupted.   The danger and difficulties that would result from any other construction, was there dwelt upon and need not be repeated.   Here it may be noticed that the Act of 1872, contains no clause *ex-*

*pressly repealing* the sections of the Code referred to.    It simply amends and re-enacts them, and in so doing makes no substantial change, as to the point we are now considering, either in the corporation itself or in its corporate name. " A charter may be ,amended, and the name of the place and the *governing body may be changed*, and its boundaries altered, while in law the *corporation remains the same*. The insertion in an amended charter of the same provisions that were contained in the old is not, unless such upon the whole, appears to have been the intention of the Legislature a repeal of the latter.    The law on this subject is thus stated: Where a statute does not in express terms annul a right or power given to a corporation by a former Act, but only confers the same rights and powers under a new name, and with additional powers, such subsequent Act does not annul the rights and powers under the former Act and under its former name, there being no express repeal." *Dillon on Municipal Corp.*, *secs.* 52, 115.    In view of these authorities it seems to us, that in law, the same corporation that was sued, and against which the judgment was rendered, is now resisting its enforcement.    There is therefore no force in this objection.

2nd. Nor do we think the second ground of defence can be sustained.    The Act of 1872, after conferring powers upon the corporation, to carry out which would render taxation necessary, provides, that the President and Commissioners " shall have power to levy and collect taxes in said town, not exceeding in any one year, thirty cents in the one hundred dollars, on the assessable property of said town ; and shall also, for the purpose of grading and paving the streets of said town, have power to levy such other taxes upon the property fronting on the street or portion thereof to be paved, as will pay the cost of grading and paving the same."    Now assuming that upon the facts stated in the answer, the appellant would have no right to a *mandamus* if this were the only law on the subject,

we are of opinion all difficulties in the way of such remedy is removed by the Act of 1876, ch. 367, which went into effect on the 8th of April, 1876, and which provides that "any municipal corporation in this State, against which there is a judgment in any Court of law in this State, shall have power to levy a sum of money upon the assessable property of such municipality, sufficient to pay such judgments." We fully agree with the appellant's counsel in the construction they have placed upon this statute. It applies to this corporation and to this judgment. The general power given by the original charter and by the Act of 1872, to levy a tax not exceeding thirty cents in the hundred dollars, is a power of taxation for the general purposes intended to be provided for by those laws, and is not inconsistent with a special authority conferred by the subsequent Act to levy those when required for a particular occasion. This law says, the corporation shall have power to levy a sum *sufficient* to pay the judgment, and that means that if a levy of thirty cents in the hundred dollars will not suffice, then that more than thirty cents may be levied, otherwise there is no meaning in the language used.

Entertaining these views we should reverse the ruling on the demurrer, and remand the case in order that the *mandamus* might be issued, if there had been a final judgment authorizing an appeal. But as the second fails to disclose such a judgment the appeal must, as we have said, be dismissed.

*Appeal dismissed.*

(Decided 13th June, 1877.)