(Decided 8th February 1889.)

### DAVID STEWART *vs.* ALBERT L. GORTER.

*Landlord and Tenant—Leases—Act of 1888, ch. 395—Redemption of Leasehold—Construction of Statute—Estoppel.*

The Act of 1888, ch. 395, provides that, "all rents reserved by leases or sub-leases of land made in this State, after the 5th of April, 1888, for a longer period than fifteen years, shall be redeemable at any time after the expiration of ten years from the date of such lease or sub-lease, at the option of the tenant, after a notice of six months to the landlord, for a sum of money equal to the capitalization of the rent reserved, at a rate not to exceed six per centum." HELD:

1st. That this Act applies to a lease for fourteen years, with a covenant to renew for a like period, the second lease to contain the same covenants as the first.

2nd. That the tenant cannot be estopped by any covenant, however strongly worded, from claiming the right of redemption at six per cent. secured to him by the Act.

APPEAL from the Circuit Court of Baltimore City.

Albert L. Gorter, on the 10th of April, 1888, being the owner in fee of a lot of land in Baltimore city, leased the same to John F. Mincher, for the term of fourteen years from that date, for the annual ground

rent of $120, redeemable after ten years at five per cent. David Stewart, on the 12th of April, 1888, agreed to convey in fee a lot owned by him, and adjoining Gorter's lot, to said Gorter. Stewart's lot was valued in the agreement at $2400, and he agreed to convey the same to Gorter as soon as Gorter gave him his reversionary interest in the annual ground rent of $120 on the lot leased to Mincher, which rent Gorter stated to Stewart was redeemable at five per cent., making it worth $2400 to said Stewart. When Gorter tendered to Stewart the said $120 ground rent, Stewart refused to convey his lot in fee to Gorter, valued at $2400, on the ground that the lease to Mincher creating the ground rent of Gorter, was made subsequent to the passage of the Act of 1888, ch. 395, amending the Act of 1884, ch. 485, and that consequently said ground-rent could be redeemed at six per cent. making Gorter's rent worth only $2000, instead of $2400. Upon a case stated a *pro forma* decree was entered, to the effect that said Act was not applicable to said lease, and, in addition, that the lessee could waive, and had waived his option of redemption at six per centum, and that his representatives and assigns were bound thereby. From this decree Stewart appealed.

The cause was submitted on briefs to MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*David Stewart, Robert Riddell Brown,* and *John Stewart,* for the appellant.

*James P. Gorter,* and *H. Arthur Stump,* for the appellee.

STONE J., delivered the opinion of the Court.

The question presented in this case is the true construction of the Acts of 1884, ch. 485, and 1888, ch. 395,

relating to leases. It appears that on the 10th of April, 1888, Gorter leased a lot of ground in Baltimore City to Mincher, for the term of fourteen years, and the rent reserved was one hundred and twenty dollars.

In this lease there is a covenant on the part of the lessor for the renewal of the lease for the further term of fourteen years, with the same covenants that are in the original lease.

There is a further covenant on the part of the lessor, that at any time after the expiration of ten years from the date of the lease, upon payment to him of a sum of money equal to the capitalization of the rent at five per cent.—that is to say, of the sum of $2400, the property should be released.

There is also in the lease an agreement made by the lessee, that he would not avail himself of any right that he might have by virtue of any Maryland statute to redeem the rent at a less sum than that fixed in the lease.

The Act of 1888 as applicable to this case is in these words:

"All rents reserved by leases or sub-leases of land made in this State after April 5th, 1888, for a longer period than fifteen years, shall be redeemable at any time after the expiration of ten years from the date of such lease, or sub-lease, at the option of the tenant, after a notice of six months to the landlord, for a sum of money equal to the capitalization of the rent reserved, at a rate not to exceed six per centum."

The two questions presented for our consideration are, first, whether the law of 1888, above referred to, is applicable to this lease, and secondly, if said Act is applicable to this case, whether the lessee has waived or can waive, his option of redemption at six per cent.

The first of these questions is easily answered. The Act of 1888 is applicable to the case before us. A

lease for fourteen years, with a covenant to renew for another fourteen years, is in effect a lease for a longer period than fifteen years. More especially when the covenant is, that the second lease shall contain the same covenants that the first did; that is, that the lease should be renewed for another fourteen years, thus making the lease of indefinite duration, and placing it upon the same footing as the ordinary long lease. The leases for less than the fifteen years mentioned in the Act, mean leases without the covenant for renewal, and which were intended by the parties to end at the expiration of the fifteen years or a less period of time.

The second question is equally easy of solution. It resolves itself into the question whether a party by his deed can be *estopped* from claiming the benefit of the Act of 1888, a general law of the State.

If the Act of 1884, as amended by the Act of 1888, had been passed for the *exclusive* benefit of lessees, there might be some color, at least, to the claim set up that Mincher could waive the benefit of the capitalization clause in the Act of 1888. But such is not the fact. The Act of 1888 was the result of a well grounded belief that these long leases, with their covenants of renewal, were injurious to the prosperity of the City of Baltimore, and that sound public policy demanded that all leases hereafter made, if for more than fifteen years, might be ended at the option of the tenant or lessee, upon paying the capitalization of his ground rent at six per centum. It was the system of these long leases, irredeemable until the end of the term, that the Legislature wished to break up, rather than for any special consideration for the lessees, that caused the Act.

The lessee therefore cannot be estopped by any covenant, however strongly worded, from claiming the right guaranteed him by this Act. It would be a virtual repeal of the Act, if covenants and agreements were allowed to supersede its express provisions.

The *pro forma* decree of the Court below must therefore be reversed, with costs.

*Decree reversed, with costs.*

(Decided 8th February, 1889.)