## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed February 5, 1894.

THOMAS J. SHRYOCK

VS.

WOODWARD ABRAHAMS.

*John M. Carter* for plaintiff.

*Beverly W. Mister* for defendants.

WICKES, J.—

This bill is filed for the purpose of compelling the defendants to execute a new lease, with the same covenants contained in the old. A lease has been proffered with all the covenants of the original, except the one for renewal, and this proceeding is to ascertain whether that also must be inserted.

The original lease was executed in May, 1884, but by its provisions the term of ten years began to run from March 1st of that year.

It contained covenants for the payment of rent, quiet enjoyment and other covenants usual in such instruments, and then the following clause under which this controversy arises.

"Also, that at any time during the continuance of this lease, that they (the lessors), their representatives or assigns, will, at the request of the said Thomas J. Shryock, his personal representatives or assigns, execute and deliver, or cause to be executed and delivered to the said Thomas J. Shryock, his personal representatives or assigns, *a new lease of the above demised property for another and further term of ten years, to commence on the expiration of this term, subject to the same rent, and with the same covenants as this lease.*"

Upon the authority of the cases cited by the learned counsel for the defendants, I would have but little hesitation in holding that a *single renewal* is all that the parties to the lease intended, by the covenant in question, and that the lease tendered is a full compliance with that covenant.

But it is impossible to ignore the case of Stewart vs. Gorter, 70 Md. 242, which seems to decide the very question at issue, so far at least as the reasoning of the learned judge who delivered the opinion may be regarded as embodying the view of the court. The covenant under consideration in that case was identical in terms, as shown by the record, with the covenant we are now dealing with, so far as the renewal clause is concerned. It was as follows:

"Also that at any time during this demise the said (Lessor) shall, on payment to them of $10, execute and deliver or cause to be executed and delivered to the said (Lessee), his executors, administrators or assigns at his or her request and cost, *a new lease*

of the above-demised property for another term of fourteen years, to commence on the expiration of this, subject to the same rent, and with the same covenants." The questions before the court were whether this lease for fourteen years, with a covenant to renew, was not in effect a lease for more than fifteen years, and whether the lessee could be estopped by any covenant from claiming the right of redemption under the Act of 1888.

Said the court: "The first of these questions is easily answered. The Act of 1888 is applicable to the case before us. A lease for fourteen years, with a covenant to renew for another fourteen years, is in effect a lease for a longer period than fifteen years. *More especially when the covenant is that the second lease shall contain the same covenants that the first did; that is, that the lease should be renewed for another fourteen years, thus making the lease of indefinite duration, and placing it upon the same footing as the ordinary long lease.*" I do not see how it is possible to escape the conclusion that the Court of Appeals reached in the renewal clause of the covenant, and gave to it a construction which is binding upon the lower courts, until qualified or explained by some subsequent decision.

I will therefore sign a decree overruling the demurrer.