## ISABEL A. SWAN et al. *vs.* LAWRENCE B. KEMP ET AL.

*Redemption of Ground Rents—Lease of Improved Land for More Than Fifteen Years Redeemable at Capitalization Fixed by Statute—Effect of Act Repealing and Re-enacting with Amendments a Prior Act.*

The Act of 1884, ch. 485, provided that all leases of land thereafter made for a longer period than fifteen years shall be redeemable after the expiration of fifteen years at the option of the tenant for a sum of money equal to the capitalization of the rent reserved at the rate of six per cent, unless some other sum not exceeding four per cent capitalization shall be specified in said lease, in which event the rent shall be redeemable at the sum fixed in the lease. The Act of 1888, ch. 395, repealed and re-enacted the said Act of 1884, and the Act of 1900, ch. 207, repealed and re-enacted the Act of 1888. This subsequent legislation was designed to enforce the purpose of the Act of 1884, which was to prohibit the creation of irredeemable ground rents, and its fundamental provisions were preserved in the subsequent Acts. In 1886 A. executed a lease of a lot of ground improved with a building for the term of ninety-nine years renewable for ever at a designated rent, there being no provision in the lease for redeeming the rent. In 1902, more than fifteen years afterwards, the holder of the leasehold interest tendered to A., the lessor, a sum of money equal to the capitalization of the rent reserved at six per cent and demanded a conveyance of the fee-simple interest and reversion. *Held,*

1st.  That the Act of 1884, ch. 485, was designed to prohibit the creation of long irredeemable leases because the same were considered to be injurious to the public interest, and that this prohibition applies as well to a lease of land already improved as to a lease of vacant land.

2nd.  That the Act of 1888, ch. 395, repealing and re-enacting the Act of 1884 did not render the latter inoperative as to the lease in this case, made in 1886, but being a substantial re-enactment of that Act, the same remains in force, and that consequently the lessee is entitled to redeem the rent at the capitalization mentioned in the statute.

Where a repealing statute contains a substantial re-enactment of the previous law, the operation of the latter continues uninterrupted.

Appeal from a decree of the Circuit Court of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Wm. Pinkney Whyte* (with whom was *Joseph Whyte* on the brief), for the appellant.

*Joseph C. France* (with whom were *George R. Willis* and *Samuel C. Houlton* on the brief), for the appellee.

JONES, J., delivered the opinion of the Court.

The material facts of this case are that Isabel A. Swan, one of the appellants, was the owner in fee-simple of a lot of ground on Baltimore street, in the city of Baltimore, upon which there was a valuable improvement in the way of a building which had long been used for business purposes.  On the 5th of April, 1886, she with her husband executed to Alonzo Lilly a lease of these premises for ninety-nine years renewable forever, in the usual form and with the usual covenants and conditions of that familiar mode of conveyance, subject to an annual rent, for the first two years, of twenty-four hundred dollars, and thereafter, during the continuance of the lease, of three thousand dollars payable in monthly instalments.  On the 17th day of August, 1897, Alonzo Lilly and his wife executed to the appellees, Lawrence B. Kemp and Christian Devries, a deed of the premises, so leased to the said

Lilly, in trust for the uses and purposes set out in said deed which authorized and involved a sale thereof by the said trustees. In execution of their trust these trustees sold the premises in question to the appellee, Henry Kirk, for sixty-five thousand dollars. This purchase price was for the property in question as a fee-simple property and it was agreed between the vendor trustees and the purchaser, that fifty thousand dollars of the purchase-money—that amount being the capitalization at six per cent of the rent reserved by the lease of the 5th of April, 1886—should be applied to the extinguishment of the rent so reserved.

There was no provision in the lease for redeeming the same; but the sale, which has been referred to, having been made in 1902, fifteen years had expired between the date of the lease and the time of the sale, and the trustees, who made the sale, and the purchaser claimed the right to redeem the lease under the provisions of the Act of 1884, ch. 485. The sale of the property, made as has been stated, was reported by the trustees to the Circuit Court of Baltimore City which had jurisdiction of the trust they were executing and was ratified by that Court on the 11th day of August, 1902. The trustees, thereupon, to consummate the sale as made, reported, and ratified, tendered to the appellants, the then owners of the fee-simple interest and reversion in the property in question, fifty thousand dollars together with all arrears of rent and the current rent to the date of the tender and requested from said owners (appellants here) a conveyance of said fee-simple interest and reversion. The appellants refused to make the conveyance requested and based their refusal upon the claim that the Act of 1884, ch. 485, did not apply in such a case as this where a lease was made of property already improved; and that the said Act had been repealed and made inoperative, as affecting this case, by the later Act of 1888, ch. 395. To procure from the appellants the conveyance thus requested and refused the appellees instituted in the Court below the proceedings in the case at bar. These proceedings, as they appear in the record, consist of the bill of complaint

of the appellees with certain exhibits, and the answer of the appellants. From the allegations and admissions appearing upon the face of the pleadings the facts which have been set out are shown. The Court below decreed adversely to the contention of the appellants and they have brought this appeal. The inquiries now to be made are suggested by the grounds set up by the appellants for their refusal to convey the reversion in the property in question upon the demand made upon them.

First then does the statute in question—Act 1884, ch. 485—apply in the state of the case we have here? That statute provides as follows: "That all leases or sub-leases of land hereafter made in this State, for a longer period than fifteen years, shall be redeemable after the expiration of fifteen years at the option of the tenant, for a sum of money equal to the capitalization of the rent reserved at the rate of six per centum in gold coin of the United States, or its equivalent, unless some other sum not exceeding four per cent capitalization of said rent in said coin shall be specified in said lease, in which event said rent shall be redeemable for the sum fixed in said lease or sub-lease." A mere reading of the statute is sufficient to show that the lease we are dealing with here is within its letter. No attempt at argument or illustration could make that plainer. Now is it not within the mischief the statute was intended to remedy? within the object it was intended to accomplish? within the policy it was intended to establish?

In the case of *Stewart v. Gorter*, 70 Md. 242, the legislation we have now under consideration was before this Court for construction as to its purport, object and effect and it was there declared that it " was the result of a well-grounded belief that these long leases, with their covenants of renewal were injurious to the prosperity of the city of Baltimore, and that sound public policy demanded that all leases hereafter made, if for more than fifteen years, might be ended at the option of the tenant or lessee upon paying the capitalization of his ground rent at six per centum. It was the system of these long leases, irredeemable until the end of the term, that

the Legislature wished to break up." This legislation was thus, in effect, pronounced remedial in its character. It is therefore, by the settled rule of construction in such cases, to be liberally construed so as to advance the remedy and suppress or prevent the mischief against which it is directed. Accordingly it was applied in the case just cited to a lease which, by its strict, literal terms, did not come within the wording of the statute. It was there also held that the policy of the law could not be contravened by a waiver of its provisions by the parties to the lease. This latter ruling was made in respect to an express provision inserted in that lease that was the subject of adjudication in the case referred to, to the effect that the lessee "would not avail himself of any right that he might have by virtue of any Maryland statute to redeem the rent at a less sum than that fixed in the lease."

The effect of the ruling of the Court in the case of *Stewart v. Gorter, supra,* is that the legislation in question shall be construed to carry out its policy; and will not be allowed to be thwarted by agreements or contractual provisions evasive of its purpose. If express agreements and provisions are not allowed to avoid the effect of the legislation in question the Courts will not be astute, in cases falling within the letter and terms of the law, to find reasons for wresting them from its operation by construction. In the case at bar the reason urged for holding the lease in controversy not subject to the operation of the statute, which has been set out, is without force. By its terms the statute applies to all leases of land for a longer period than fifteen years. No exception or qualification appears in it as it reads. Its purpose, as this Court has held, is "to break up" the *system* of irredeemable rents. Why is the lease here in controversy not within the reason and policy of such a law as it is within its letter? What sound reason can there be for making a distinction in legislation against the system of irredeemable leases between leases of land already built upon, and leases of land that is forthwith to be built upon? To put upon a measure intended to be prohibitory of such leases a construction making such a

distinction would be to render the law utterly futile for the accomplishment of its object. The opportunity which would thereby be afforded for evading the operation of the law and nullifying its purpose is obvious; and is a controlling reason why such a construction should not be adopted.

The further inquiry now is what effect did the Act of 1888, ch. 395, which repealed and re-enacted the Act of 1884, ch. 485, and which, in turn was repealed and re-enacted by the Act of 1900, ch. 207, have upon the rights of the parties to the lease in controversy. The Act of 1884 in question was not, as has been contended, an Act in any way providing or denouncing a penalty. It was designed to regulate the making of a class of contracts affecting property rights of those owning and dealing in real estate and to establish a policy in relation thereto. The subsequent legislation of 1888 and 1900 repealing and re-enacting the Act of 1884, ch. 485, did not repeal it in the sense of obliterating it and doing away with its object and effect; but was enacted in furtherance of the object of the Act which it thus repealed and re-enacted. The latter was substantially re-enacted, and the main and fundamental provisions thereof were preseved and embodied in the new law. The change made was only in regulations affecting the practical operation of the law. This brings the case at bar within the principle laid down in the cases of *Dashiell* v. *Mayor, &c., of Balto.*, 45 Md. 615; *Watts* v. *Pres. of Port Deposit*, 46 Md. 500, and *Gable & Rusk, Trustees, &c.*, v. *Scott et al.*, 56 Md. 176, 182–3, which have declared the effect of laws repealing and re-enacting existing laws under Art. 3, sec. 29 of our Constitution and the legislative practice thereunder; and have held "that where a repealing law contains a substantial re-enactment of the previous law the operation of the latter continues uninterrupted."

It would, in itself, be a most unreasonable proposition that all leases made in the time intervening between the original and the amendatory Acts here in question are to be held as relieved from the operation of the law which at the time of their creation regulated and determined their effect and with

reference to which the parties to them are to be supposed to have entered into them. Further than this it has been held by this Court as "settled by authority, that where rights are acquired under a statute, in the nature of a contract, or where there is a grant of power, a repeal of the statute will not divest the right or interest acquired, or annul acts done under it." *Appeal Tax Court of Balto. City* v. *West. Md. R. R. Co.,* *&c.,* 50 Md. 274–295. In this case the rights of the parties before the Court, under the lease which is the subject of the controversy here, were fixed and determined by the law existing at the time of its creation and are not affected by the subsequent legislation to which reference has been made. The decree of the Court below is in accordance with this view and the same will be affirmed.

*Decree affirmed with costs to the appellees.*

(Decided July 2nd, 1903.)