## TAYLOR *v.* OGLE ET AL.

[No. 126, October Term, 1952.]

274

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Howard A. Sweeten*, with whom were *Samuel J. Fisher* and *Carroll H. Albaugh* on the brief, for the appellants.

*F. Murray Benson*, with whom were *William J. Mc-Williams, Henry M. Decker, Jr.*, and *Thomas G. Mc-Causland* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

In 1931, there passed by devise from Robert L. Werntz to his niece, Amy W. Ogle, a property in the Third Election District of Anne Arundel County known as "Gardner Farm". On June 15, 1938, Mrs. Ogle leased the property to the appellant, Raymond W. Taylor, who was in possession under a prior lease from Mr. Werntz. The terms of the new lease included provisions cancelling the former lease, setting a term of five years, with the privilege in the lessee to renew on expiration for another term of five years, and one permitting still another term of five years.

The lease was not acknowledged but was duly recorded in Anne Arundel County. Mrs. Ogle died in 1940, devising the property to her husband, Maurice Ogle, for life, with remainder to her son, Maurice Chapman Ogle. On October 29, 1951 the appellant notified the Messrs.

Ogle of his intention to redeem the leased property under the provisions of Section 112 of Article 21 of the Code (1951 Ed.). The appellees challenged the right of the appellant to redeem. The appellant's bill for redemption in the Circuit Court for Anne Arundel County was dismissed on demurrer.

We will assume, without deciding, that the lease is one for a term of exactly fifteen years, putting to one side, without consideration, the questions as to the effect of the renewal covenant, the lack of acknowledgment, the effect of the recording of an unacknowledged instrument, and the effect of the Curative Act in Section 107 of Article 21 of the Code (1951 Ed.).

The statutory language which controls the case is codified as Section 112 of Article 21 of the Code (1951 Ed.) as follows: "All rents reserved by leases or subleases of land hereafter made in this State for a longer period than fifteen years shall be redeemable at any time after expiration of five years from date of such leases or subleases, at the option of the tenant, after a notice of one month to the landlord, for a sum of money equal to the capitalization of the rent reserved at a rate not exceeding six per centum." This section is often referred to as the Redemption Act.

The appellees say that the statute means precisely what it appears to mean and that only leases or subleases which are for a period greater than fifteen years are redeemable. The appellant contends that the language "for a longer period than fifteen years" really means for a period of fifteen years or more. He says that mere words, read literally, no matter how plain, exact and apposite, need not a statutory prison make. He seeks to make a skilful escape from the tight semantic shackles of Section 112, by this process of reasoning: (1), The Redemption Act was remedial legislation and should be liberally construed to accomplish the purpose for which it was passed; (2), This Court, in three cases which have dealt with the Redemption Act in a particular situation, has used substantially this language: "The

lease was for a period less than fifteen years and is therefore irredeemable." From this, it is argued that it has been held, by a liberal construction, that a term of fifteen years, or more, is redeemable.

In *Silberstein v. Epstein,* 146 Md. 254, 126 A. 74, the Court was deciding whether a lease of a business property, for a term of ten years, which had been executed in recognition of a right of renewal given by a previous lease of ten years, constituted a lease for more than fifteen years, or two separate ten year terms. It held that there were two separate ten year leases. The Court said in that case: "As the existing lease is for a term of less than fifteen years and does not provide for its renewal, it is not within the operation of the statute quoted. . ."

In *Theatrical Corp. v. Trust Co.,* 157 Md. 602, 146 A. 805, it was held that a lease for six years with a right in the tenant to renew for a further term of eight years, and then at the end of that term, for a further term of ten years, was a lease of twenty-four years, with a consequent right of redemption. The Court, in discussing *Silberstein v. Epstein, supra,* said of that case: "Considering the lease then in effect and before the Court, it was clearly apparent that the lease was for a term less than fifteen years, and therefore irredeemable."

In *Schultz v. Kaplan,* 189 Md. 402, 56 A. 2d 17, the Court held that a five year lease providing for indefinite extension without necessity of executing a new lease, was for a period longer than seven years and thus was void when not acknowledged and recorded in compliance with the statute. In discussing renewal provisions in leases, the Court referred to *Silberstein v. Epstein, supra,* saying: "This Court held that as the existing lease was for a term less than fifteen years and there was no provision for renewal it was not within the Redemption statute. . ."

The appellant would have these three quotations change the clear and unambiguous meaning of the Redemption

Act. It is plain from the questions which were actually decided in each of the cases and from the language of the opinion in each case, read as a whole, that the Court in none of the cases intended to, or did, construe the Redemption Act as meaning that a lease is redeemable if it is for the term of fifteen years or less. The reference in the opinions to leases for less than fifteen years is manifestly a reference to the statutory period and is used synonymously with it, albeit this was a loose and inexact use. If the opinions in the cases relied upon are reread in full, this will be seem immediately. In *Silberstein v. Epstein, supra,* 146 Md. at page 257, 126 A. at page 75, the Court said: "In this case, the lease now in force specifies a term less than the *statutory period* and contains no renewal covenant"; on the next page it is said: ". . . No right of redemption can be predicated upon the existing lease since it does not exceed the statutory limitation"; and on page 256 the Court said that the Redemption statute ". . . was to accomplish such a preventive purpose that all leases thereafter made for longer periods than fifteen years were declared to be redeemable. . ."

In *Maryland Theatrical Corp. v. Trust Co., supra,* the actual ground of the decision was set forth in 157 Md. on page 618, 146 A. on page 811: "From what we have said, our conclusions are: . . . second, that it is a lease for a longer period than fifteen years and is redeemable. . ."

In *Schultz v. Kaplan, supra,* 189 Md. at page 413, 56 A. 2d at page 22, the Court, referring to the *Silberstein* case, said: "The question to be decided in that case was whether the lessee of property held under a lease for more than fifteen years. . ."

In *Stewart v. Gorter,* 70 Md. 242, 16 A. 644, 2 L. R. A. 711, it was held that a lease for fourteen years, with a covenant to renew for a like period, the second lease containing the same covenants as the first, was a lease for a longer period than fifteen years and so redeemable. The Court made it plain that the use of the term "for

less than fifteen years", upon which reliance is had by the appellant, really is used by the Court as the synonym for the statutory period. It said: "The leases for less than the fifteen years mentioned in the Act, means leases without the covenant for renewal, and which were intended by the parties to end at the expiration of fifteen years or a less period of time." A similar definition is given in *Sheppard & Enoch Pratt Hospital v. Swift & Co.*, 178 Md. 200, 209, 13 A. 2d 174, 178, where it is said: "It may be added that leases for less than fifteen years means leases without a covenant for renewal, and which are intended by the parties to the contract to end at the expiration of fifteen years or a less period of time."

Courts in other States which have had occasion to consider similar statutory or constitutional language have agreed with the above quotations from *Stewart v. Gorter* and the *Sheppard* case. The New York Constitution declared void a lease of agricultural lands for a period longer than twelve years. In *Hart v. Hart*, 1856, 22 Barb., N. Y., 606, there was a lease for twelve years with a covenant for renewal which would extend it beyond that period. The lease was held valid for the full twelve years, although the covenant for renewal was declared void. In *Parish v. Rogers*, 20 App. Div. 279, 46 N. Y. Supp. 1058, 1059, the question was whether the creation of an estate for the life of the lessor in agricultural lands was prohibited by the constitutional provision. If the estate for life was held to be "for a longer period than twelve years," it would have been void. The Court held that the lease was valid for the life of the lessor or for the full period of twelve years, whichever was shorter. In *Robertson v. Hayes*, 83 Ala. 290, 3 So. 674, 675, the Court was construing a statute which provided that "no leasehold can be created for a longer term than twenty years". It was held that a lease for forty years was valid for twenty, although void for the period above that. In *Young v. Dake*, 5 N. Y. (1 Selden), 463, 55 Amer. Dec. 356, where the statute

of frauds required a writing if the term of the lease exceeded one year, a parol lease for exactly one year was held valid.

We think the case before us is one which undoubtedly calls for the strict application of the doctrine of the famous case of *Bluff v. Father Gray* (A. P. Herbert, Uncommon Law 192), in which Lord Mildew said: "If Parliament does not mean what it says, it must say so." More direct and more binding authorities on the proposition that where the words of the statute are definite and unambiguous, the meaning of the legislature must be conclusively presumed to be manifested in the words of the Act include *Celanese Corp. v. Davis,* 186 Md. 463, 470, 47 A. 2d 379; *Saunders v. Maryland Unemployment Comp. Board,* 188 Md. 677, 53 A. 2d 579; and *Maguire v. State,* 192 Md. 615, 65 A. 2d 299.

The Chancellor said: "I do not think the language of the statute can be stretched so as to make it apply to a lease which was intended to end at the expiration of fifteen years or a less period of time. . . The line had to be drawn somewhere and the Legislature drew it at fifteen years." We agree.

*Decree affirmed, with costs.*