WHITTLE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF EDGAR WHITTLE *v.* MUN-SHOWER, INDIVIDUALLY AND AS SUPER-INTENDENT OF MARYLAND STATE POLICE

[No. 66, September Term, 1959.]

*Decided November 24, 1959.*

*Motion for rehearing filed December 23, 1959, denied January 13, 1960.*

· The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Hiram Whittle,* in proper person, for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant filed a petition for a writ of *mandamus* against the Superintendent of the Maryland State Police, to which a demurrer was filed. The court sustained the demurrer without leave to amend, but the record does not show the entry of any final judgment. For this reason, the appeal must be dismissed as premature. See *Surrey Inn, Inc. v. Jennings,* 215 Md. 446, 455; *Martin G. Imbach, Inc. v. Dee-*

*gan,* 208 Md. 115, 119; *Penny v. Md. State Police,* 186 Md. 10; and cases therein cited. In *Walter v. Montgomery County,* 179 Md. 665 and *Watts v. Port Deposit,* 46 Md. 500, the rule as to the necessity of a final judgment at law before an appeal will lie, was expressly applied to petitions for *mandamus.* We note, however, that in the *Penny* case, *supra,* and the *Walter* case, *supra,* this Court nevertheless took occasion to express an opinion on the merits. We are disposed to do so in the instant case, rather than to follow the procedure adopted in the *Imbach* case, *supra.*

The petition alleged that Edgar Whittle, of whose estate the petitioner, Hiram Whittle, had been appointed administrator, died on July 7, 1942 "as a result of a conspiracy against him." It alleged that Edgar Whittle had been employed by the Glenn L. Martin Company in Baltimore County for about three months prior to his death and was falsely accused by employees of the company of "having made a defective piece of material", and that this charge "led to" his death. The petition alleges that "Information indicates that the Maryland State Police have information that will show that Edgar Whittle was officially charged with having made the defective piece of material * * * [and] information that will help to clear Edgar Whittle of this false accusation and charge * * *. Petitioners seek to obtain this information in order to clear the name of Edgar Whittle and to protect Hiram Whittle." The prayer of the petition was that the Superintendent "release to your Petitioners all information in the possession of the Maryland State Police * * * concerning criminal charges that have been made against Edgar Whittle".

It is perfectly clear that a person applying for a writ of mandamus against a public official must show a clear legal right in himself and a corresponding imperative duty on the part of the defendant. *Jones v. House of Reformation,* 176 Md. 43, 51, and cases cited; *Buchholtz v. Hill,* 178 Md. 280, 288. See also *Brack v. Wells,* 184 Md. 86, 90. In *Pressman v. Elgin,* 187 Md. 446, 451, we held (Judge Markell dissenting) that a statutory provision directing the Commissioner of Motor Vehicles to keep his records open to public inspection imposed a ministerial duty, which could be enforced by

mandamus by an attorney seeking to obtain information contained in certain accident reports required by law to be made. The appellant seeks to analogize that holding to the instant case, because of a general duty imposed upon the State Police to "prevent and detect crime", under Code (1957), Art. 88B, sec. 20. (See, however, secs. 22, and 23 (a), and *Little v. State,* 204 Md. 518, 521.) But we are aware of no statutory provision that declares that reports made by state police to their superior officer, or information gathered by them in the course of their investigations of reported crimes, should be public records, or open to inspection. In the absence of statutory requirement, it is generally held that police records are confidential. See 45 Am. Jur., *Records and Recording Laws,* § 26, p. 433. Code (1957), Art. 88B, sec. 47, which makes reports as to traffic accidents available to certain other public officials, has no application to the instant case.

Maryland Rule 728, allowing discovery and inspection, on motion of the defendant in a pending criminal case, of documents in the hands of the State's Attorney, is definitely an exception to the general rule. See *State v. Haas,* 188 Md. 63, 70. See also 6 Wigmore, *Evidence,* § 1859 g (3d ed. 1940). Even there, the matter is left to the sound discretion of the trial court, and inspection is not granted as a matter of right. In the instant case we think the trial court did not err in sustaining the demurrer to the petition for *mandamus.* The claim that the ruling deprived the appellant of rights guaranteed by the Fourteenth Amendment of the Federal Constitution is wholly without merit.

The appellant complains that the trial court did not permit him to amend his petition after sustaining the demurrer. The record does not show that he asked leave to amend. On the contrary, it shows that at the conclusion of the court's oral opinion, petitioner inquired if the court's opinion would become a part of the record. We think that was an indication of his election to stand on his original petition, rather than to amend it.

*Appeal dismissed, with costs.*