

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 31, 1972

Hon. Wilson E. Speir, Director
Texas Department of Public Safety
5805 N. Lamar Blvd., Box 4087
Austin, Texas 78773

Opinion No. M-1251

Re: Whether third parties'
requests for the results of
chemical tests taken of
alleged offenders charged
with operating a motor vehicle
while under the "influence"
are authorized to be honored
by the Public Safety Depart-
ment or investigating officer?

Dear Sir:

Your request for an opinion of this office states:

"There are occasions when an officer of the
Department of Public Safety, in the process
of investigating an accident, is able, with
the consent of the individual, to obtain
from such individual a sample of his blood
for chemical analysis for the purpose of
determining its alcoholic content. After
the blood has been analyzed, the report of
the analysis is secured and used primarily
for the purpose of prosecuting for an offense
relating to operating a motor vehicle on the
highway while under the influence. [sic]

"Often a third party, such as an insurance
company or retail credit association, will
request of either the Department or the
investigating officer the results of the
chemical test. We would like to know if
either the Department or the officer may,
or is obligated to furnish these test results
to such parties."

You state that the analysis is secured as part of the Department's criminal investigative activities, directed toward possible use by the district attorney in prosecution for a criminal offense. As such it is part of a criminal investigation file, and not open for general public inspection. The common law has traditionally held that such files are not public records, and may be kept secret. Although there is no Texas case on point, there is likewise no Texas statute altering the common law rule, except on accident reports. Article 6701d, V.C.S. The Florida Supreme Court in Lee v. Beach Pub. Co., 173 So. 440, 442 (1937) stated the rule as follows:

> "The appellant contends that there are certain records in the police department of a city which must be kept secret and free from common inspection as a matter of public policy. This is true. The rule as stated in 23 R.C.L. 161, is as follows:
>
> "'The right of inspection does not extend to all public records or documents, for public policy demands that some of them, although of a public nature, must be kept secret and free from common inspection, such for example as diplomatic correspondence and letters and despatches [sic] in the detective police service or otherwise relating to the apprehension and prosecution of criminals.'"

As more recently stated in Whittle v. Munshower, 155 A.2d 670, 672 (Md.App. 1960), cert. den. 362 U.S. 981:

> "In the absence of statutory requirement, it is generally held that police records are confidential. See 45 Am.Jur., Records and Recording Laws, §26, p. 433."

In accord: Moore v. Bd. of Freeholders of Mercer County, 184 A.2d 748 (N.J.App. 1962), modified on other grounds, 186 A.2d 676; People v. Wilkins, 287 P.2d 555 (Cal.App. 1955). Even the federal government in enacting the Freedom of Information Act recognized and preserved the common law rule in its statutory scheme, which exempted from regulation under the act "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency," 5 U.S.C. §552(b)(7).

Since Texas has no statute requiring public access to the contents of criminal investigatory files, the Department is not required to disclose the results of chemical blood tests to third persons. On the other hand, since such test results are part of such investigatory files, voluntary disclosure by the Department or one of its officers should be governed by the same considerations and regulations governing voluntary disclosure of the contents of any other criminal investigatory file. See Attorney General Opinion No. M-1172 (1972). If such decisions are reserved for the Director, or the District Attorney, such should be the rule here, as well, absent a special regulation to the contrary.

## S U M M A R Y

The Department of Public Safety is not required to disclose to third parties the results of chemical tests taken of alleged offenders charged with operating a motor vehicle while intoxicated.

Voluntary disclosure of such information to third parties should rest on the same considerations as disclosure of the contents of other criminal investigatory files.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lang A. Baker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Banks
Ben Harrison
Bob Lattimore
Max Hamilton