MATTHEW McCLERNAN, trading as McCLERNAN & Co. *vs.* M. TAYLOR HALL and H. T. D. LONEY, trading as HALL & LONEY.

*Principal and Agent—Evidence.*

A contract in writing stated that the parties whose names were thereto signed, had, as agents, bought and agreed to receive a certain quantity of Quercitron bark at a stipulated price, to be delivered to them, or to their principal, within a time specified. The name of their principal was disclosed in the contract, and they therein acknowledged the receipt of one dollar, on account of the contract, to bind their principal. HELD:

1st. That upon a refusal to receive the bark when tendered, the agents were not personally liable to the vendor.

2d. And that parol evidence was inadmissible for the purpose of showing that the vendor had given credit to the agents exclusively, and that he looked solely to them as the purchasers.

APPEAL from the Baltimore City Court.

This was an action brought by the appellant to recover from the appellees on a contract for the sale of a thousand bags of Quercitron bark. The *narr.* contained the usual money counts. The seventh count declared that the defendants on the 10th of August, 1868, bought from the plaintiff a thousand bags of good No. 1 merchantable ground oak Quercitron bark, at the price stated, to be delivered to the defendants or to a certain John Koper, between the 1st and 10th of October, 1868—that the plaintiff notified the defendants that the bark was ready for delivery according to the contract, but that they refused to receive it. The eighth count declared that the defendants as agents of the said Koper, to the plaintiff unknown, purchased said bark which was to be delivered to the defendants or their alleged principal within the time specified; that the plaintiff tendered the bark in accordance with the contract, but that the defendants refused to receive it, and that the plaintiff gave the credit of

said bark to the defendants, and charged the same to them, and that the value of said bark had greatly diminished.

The defendants pleaded the general issue.

At the trial the plaintiff offered certain parol evidence, taken subject to exception, to show that he sold the bark to the defendants personally, and that he looked solely to them as the purchasers; he also offered in evidence the following papers:

BALTIMORE, August 10, 1868.

As agents for Mr. John Koper, of No. 10 Old Slip, New York, we have this day bought and agree to receive one thousand bags of No. 1 merchantable ground oak Quercitron Bark, at $47 cash per long ton, (of 2240 lbs.,) to be tendered and delivered to us (or to said principal) in lots of not less than 500 bags between the first and tenth days of October, 1868. And we hereby ackowledge to have received one dollar on account of this contract to bind our principal.

HALL & LONEY.

(U. S. Stamp 5 cts.)

August 10, 1868.

We, the undersigned, have this day sold to Mr. John Koper, No. 10 Old Slip, New York, one thousand bags of No. 1 merchantable Quercitron Bark at $47.00 per ton, which we promise to deliver on board of New York steamers, in lots of not less than 500 bags, to be delivered between the 1st and 10th day of October, 1868.

McCLERNAN & Co.

The plaintiff as a witness testified that he signed the memorandum of sale as a business accommodation, and because the defendant Hall asked him; it was also shown that this paper was transmitted by the defendants to Koper who declined to accept the bark.

The defendants offered no testimony.

The plaintiff presented a number of prayers which the Court refused to grant, and instructed the jury that there was no evidence from which they could find for the plaintiff; that if they found all the facts offered in evidence by the plaintiff, they were not sufficient to sustain a verdict in favor of the plaintiff. To the rejection of his prayers and to the instruction given by the Court the plaintiff excepted, and the verdict and judgment being against him he appealed.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER and ALVEY, J.

*John Henry Keene, Jr.*, for the appellant.

The Court below erred in deciding that should the jury find all the facts testified to by the plaintiff, they afforded no evidence upon which he was entitled to recover. And the question to whom the credit was given, and whether it was a sole and exclusive credit to the appellees, was only to be found by weighing all the testimony in connection with both papers, in any form of action instituted by any of the parties thereto. *Thompson vs. Davenport*, 2 *Smith's Leading Cases*, 433; *York County Bank vs. Stein, et al*, 24 *Md.*, 463; *Sumalt vs. Ridgely*, 20 *Md.*, 115; *Wyman vs. Gray*, 7 *H. & J.*, 411; 3 *Robinson's Practice*, 54–62; 1 *Greenleaf on Ev.*, 89, 284; *Story on Agency*, (*Ed.* 1869,) sec. 288.

*Alexander H. Hobbs*, for the appellees.

The paper writings of the 10th of August, 1868, merged all antecedent negotiations between the parties, and constituted the contract in this case. And that being so the law is perfectly well settled; for where persons entering into contracts, and especially *written contracts* as *agents*, disclose the name or names of their principals, *they are not personally liable.* *Oelricks vs. Ford*, 23 *How.*, 59–64, 65; *Bradford vs. Eastman*, 2 *Wash.*, *C. C.*, 219; 1 *American Leading Cases*, (*4th Ed.*,) 628; *Key vs. Parnham*, 6 *H. & J.*, 421; 2 *Kent*, 630.

BARTOL, C. J., delivered the opinion of the Court.

The rule of law applicable to this case is very clearly stated by the Court of Appeals in *Key vs. Parnham*, 6 *H. & J.*, 421, as follows : " Wherever, upon the face of an agreement, a party contracting plainly appears to be acting as the agent of another, the stipulations of the contract are to be considered as operating solely to bind the principal ; unless it manifestly appears by the terms of the instrument, that the agent intended to supcradd or substitute his own responsibility for that of his principal."

In 1 *American Leading Cases*, 628, the same rule is thus stated :

" In respect to the liability of the principal on written contracts ; if the name of the principal, and a relation of agency be stated in the writing, and the agent really be authorized, the principal alone is bound, unless the language express a clear intention to bind the agent personally."

Applying this rule to the present case it seems to be very clear that the appellees are not personally liable upon the contract here sued upon. The written papers signed by the parties, by which the contract is evidenced, show on their face that the contract of purchase was made by the appellees as agents for John Koper, of New York, who is named as principal. The memorandum of sale, signed by the appellant the vendor, expresses in terms that the sale was made to " John Koper, No. 10 Old Slip, New York," and the appellees, the agents, are not even named therein.

The rights and obligations of the parties must depend upon the construction and legal effect of the writing, which in this case is free from ambiguity and too plain to admit of argument.

The effort of the plaintiff below was to introduce parol evidence of the negotiation and agreement made by them with the appellees, before the contract was reduced to writing, for the purpose of explaining that he dealt with the appellees as principals, and gave credit to them exclusively. Such evi-

dence was inadmissible, and the Court below was right in instructing the jury to disregard it.

The contract being executory and within the operation of the Statute of Frauds, could be evidenced only as the Statute requires, and could not be proved by parol; the only valid and binding contract is that expressed in the writing; and there is no rule of law which would allow the parties to resort to parol evidence for the purpose of varying its terms, or changing its legal construction and effect. Its terms are plain and unambiguous, and there is no room for extrinsic proof to explain their meaning. According to the well established rule of construction the contract of sale was made with John Koper as principal; the agency of the appellees is expressed in the agreement; the appellant dealt with them exclusively in that character, and there is nothing in the contract by which they bound themselves personally, there was no error therefore in the instruction given to the jury by the Court below, or in refusing to grant the prayers of the appellant.

*Judgment affirmed.*

(Decided 21st October, 1870.)