THOMAS H. BUCKLER *vs.* SAFE DEPOSIT AND
TRUST COMPANY OF BALTIMORE, Trustee;
THE NORTHERN CENTRAL RAILWAY COM-
PANY, and THE PENNSYLVANIA RAILROAD
COMPANY. SAFE DEPOSIT AND TRUST COM-
PANY OF BALTIMORE, Trustee, *vs.* THE
NORTHERN CENTRAL RAILWAY COMPANY,
and THE PENNSYLVANIA RAILROAD COM-
PANY.

*Practice in equity; Code of Public General Laws, Art. 16, sec.
196; decision on points of law before taking evidence; final
order; appeal. Lease of railroad property; Act of
1908, Chapter 126, sec. 265a; not affected by Art.
21, secs. 80 and 89, of the Code of Public Gen-
eral Laws, relating to leases of
land. Federal courts.*

An order of a Court deciding questions of law raised under
section 196 of Article 16 of the Code of Public General Laws,
is a final order and one from which there is a right of appeal.
p. 226

A lease of the Northern Central Railway was made to the
Pennsylvania Railroad for 999 years; a resolution of the
stockholders ratifying the lease provided, in substance, that
it should not become effective until the rent reserved therein
should be declared by the Court of Appeals of Maryland not
to be redeemable, nor within the scope of the State's existing
statutes authorizing the redemption of leases of land; pro-
ceedings were instituted under section 196 of Article 16 in ·
the Circuit Court of Baltimore City to determine the ques-
tion. *Held,* that such a proceeding is not a fictitious or color-
able one. · p. 225

The leases, to which the Act of 1908, Chapter 126, section 265 A, relates, are not the mere leasing of land, but of railroads and their franchises and the system constituting railroads in operation.　　　　　　　　　　pp. 226-227

Where there is nothing in the record to the contrary, it will not be assumed that such a lease extended to any land not used in connection with the railroad or the operation and management of its franchises.　　　　　　　　p. 230

The Act of 1906, Chapter 126, section 265 A, is not subject to Article 21, sections 88-89 of the Code of Public General Laws, relating to leases of land and making such leases redeemable after five years from their date.　　　　　　p. 231

There was no reason for suspending such proceeding pending the decision and suits in the Federal courts relating to the matter.　　　　　　　　　　　p. 231

*Decided February 23rd, 1911.*

Appeal from the Circuit Court of Baltimore City (NILES, J.).

These causes were argued before BOYD, C. J., BRISCOE, PEARCE, THOMAS, PATTISON and URNER, JJ.

*Walter A. Glasgow* and *Arthur W. Machen,* for the appellant.

*Edwin Baetjer* and *George R. Willis* (with whom were *Venable, Baetjer & Howard,* on the brief), in behalf of The Safe Deposit & Trust Company, intervenors by petition in the Court below, appellees.

*Bernard Carter* and *John J. Donaldson,* for the Northern Central Railroad Company and the Pennsylvania Railroad Company, appellees.

BRISCOE, J. delivered the opinion of the Court.

The single question of law, presented by the record, on these two appeals, and the one decided by the Court below, is this: is the rent reversed by a lease between the Northern Central Railway Company, a corporation of the States of Pennsylvania and Maryland, and the Pennsylvania Railroad Company, a corportion of the State of Pennsylvania, redeemable under and by virtue of section 88 or section 89 of Article 21, of the Code of Public General Laws of Maryland (Code 1904).

There are several subordinate or preliminary questions presented in argument, and on the various motions to dismiss the appeals relating to the rules of correct practice and the right of appeal, in this character of case, which it may be proper to dispose of, before considering the controlling question, as to whether the rent reserved under the lease, is redeemable or not.

It appears from an examination of the record, that there are three appeals, taken by the appellant in No. 66; and one by the appellant in No. 67. Two of these appeals are from the same order and will be considered together, as they present the adjudication of the Court, upon the main question of law, in its final order of the 30th of December, 1910, that the rent reserved is not redeemable. The two remaining appeals are, first, from an order passed on the 30th day of December, 1910, as of the 28th day of December, 1910, upon the petition of the plaintiff below, the Safe Deposit and Trust Company of Baltimore, trustee, directing "the question of law," to be raised for the decision of the Court, and, second, from an order passed on the 30th day of December, 1910, upon the petition of Thomas H. Buckler, the appellant in No. 66, filed on the 21st of December, 1910, making the petitioner a party to the suit.

Subsequently, on the 3rd day of January, 1911, a petition was filed in this Court on behalf of Thomas H. Buckler, an intervening petitioner, and also a motion to dismiss the appeal in No. 67, upon the ground that this Court was with-

out jurisdiction to entertain the appeal. The petition in substance avers that the case set up by the bill was made for the purpose of instituting this suit, that there is no real dispute between the plaintiff and the defendants, but that it is an attempt by a mere colorable controversy and a fictitious suit, to obtain the opinion of the Court, upon a question of law.

It was further alleged that the intervenors have instituted suit in the Circuit Court of the United States for the District of Maryland and in the Circuit Court of the United States for the Eastern District of Pennsylvania and that this proceeding should be suspended until the decision of the cases, in the last named Courts.

On the 3rd day of February, 1911, there was also filed a suggestion and petition by Arthur W. Machen, and J. Seymour T. Waters, as *Amici Curiae,* presenting the identical questions and asking the Court to dismiss these proceedings and the appeal in No. 67.

On the 31st of January, 1911, the Safe Deposit and Trust Company of Baltimore City, trustee, and the appellant, in No. 67, filed an answer to the Buckler petition, and which it will be seen also answers the allegations of the Machen and Waters petition, denying that the suit was colorable or fictitious or made solely for the purpose of raising the question presented by the proceedings, and averring in substance that the allegations of these petitions are not sustained or justified by the facts.

Now assuming, without deciding, that these petitions, and the motions thereon are properly before the Court, we all agree that they are without merit, and must be overruled, for reasons hereinafter stated.

We, also, hold that the order of the Circuit Court of Baltimore City passed on the 30th day of December (as of the 28th of December), 1910, on the petition of the plaintiff directing, first, that a question of law be raised for the decision of the Court, and, secondly, that for the purpose of the hearing the intervening petitioners, should have the right to

be heard, as if they were parties to the suit, was a proper order and the objections urged against it cannot be sustained.

By section 196 of Article 16 of the Code of Public General Laws (1904), it is provided, if it appear to the Court, either from the pleadings or otherwise, that there is a question of law in any case, which it would be convenient to have decided before any evidence is given, or any question or issue of fact is tried, the Court may make an order accordingly, and may direct such question of law to be raised for the opinion of the Court, either by special case or in such other manner as the Court may deem expedient; and all such proceedings as the decisions of such questions of law may render unnecessary may therefore be stayed.

It is clear, we think, that the Courts' order of the 30th of December, 1910, answering the question raised under section 196, of Article 16, of the Code, above quoted, is an appealable order. Such an order is in the nature of a final decree and from which a party has a right to appeal. *Ridgely* v. *Cross,* 83 Md. 168; *McEvoy* v. *The Security Fire Ins. Co.,* 110 Md. 275; *Dillon* v. *Insurance Co.,* 44 Md. 395; *Chappell* v. *Funk,* 57 Md. 472; *McNiece* v. *Eliason,* 78 Md. 168.

This brings us to the substantial question in the case, and the one answered by the Court below; that is, whether the rent reserved by the lease filed with the bill of complaint, is redeemable under or by virtue of section 88 or section 89 of Article 21, of the Code of Public General Laws of Maryland, of 1904.

We are of opinion, after a careful examination of the lease here in controversy, that it is a lease under the provisions and within the purview of the Act of 1908, chapter 126, authorizing the leasing of railroads and their franchises, and not a lease under sections 88 or 89, of Article 21, of the Code.

By the Act of 1908, chapter 126, it is provided in part (section 265-A), that it shall be lawful for any railroad company incorporated under the laws of this State, to lease its railroad and franchise for the operation thereof to any other

railroad company incorporated under the laws of this or of any other State of the United States whose railroad, within or without this State, shall either directly or by means of intervening line, connect with the railroad so to be leased to said company, and thus forming a continuous route or routes for the transportation of persons and property. The agreement containing the terms and conditions of any proposed lease shall, after due approval by the board of directors of each company party thereto, be submitted to the stockholders of such one or more of said railroad companies as shall have been incorporated under the laws of this State at either a special meeting thereof, duly called in accordance with the charter and by-laws of the companies whereof they are stockholders for the consideration of the same, or at any annual meeting thereof, likewise duly called, and in the call for which it shall be stated that the said agreement will be considered at such meetings; and if approved by a vote of not less than three-fourths of the capital stock of such company or companies outstanding and entitled to vote, the said agreement shall then be duly executed by each of the parties thereto, and, when so executed, a copy thereof, duly certified by the secretary of each of the companies parties thereto under their respective seals, shall be filed in the office of the secretary of state of the State of Maryland, and upon such filing the said agreement and the lease thereby effected shall become and be in full force and operation in accordance with its terms.

It will be seen that the Acts of 1884, chapter 485; 1888, chapter 395, and 1900, chapter 207, are now codified as sections 88 and 89 of the Code of Public General Laws, 1904, and they relate and regulate the leasing of land and to abolish the ground system of Baltimore City. The Act of 1900, now section 89 of the Code, is as follows: "All rents reserved by leases or sub-leases of land hereafter made in this State for a longer period than fifteen years shall be redeemable at any time after the expiration of five years from date of such lease or sub-lease, at the option of the tenant, after a notice

.of one month to the landlord, for a sum of money equal to the capitalization of the rent reserved at a rate not exceeding six per centum."

These Acts of Assembly have been before this Court for construction, and the legislation intended thereby has been approved by us. *Plaenker* v. *Smith,* 95 Md. 389; *Myers* v. *Silljacks,* 58 Md. 319; *Stewart* v. *Gorter,* 70 Md. 242; *Banks* v. *Haskey,* 45 Md. 207; *Swan* v. *Kemp,* 97 Md. 690.

In *Swan* v. *Kemp, supra,* this Court said: "The further inquiry now is what effect did the Acts of 1888, chapter 395, which repealed and re-enacted the Act of 1884, chapter 485, and which, in turn was repealed and re-enacted by the Act of 1900, chapter 207, have upon the rights of the parties to the lease in controversy. The Act of 1884 in question was not as has been contended, an act in any way providing or denouncing a penalty. It was designed to regulate the making of a class of contracts affecting property rights of those owning and dealing in real estate, and to establish a policy in relation thereto. The subsequent legislation of 1888 and 1900 repealing and re-enacting the Act of 1884, chapter 485, did not repeal it in the sense of obliterating it and doing away with its object and effect; but was enacted in furtherance of the object of the Act which it thus repealed and re-enacted. The latter was substantially re-enacted, and the main and fundamental provisions thereof were preserved and embodied in the new law. The change was made only in regulations affecting the practical operation of the law."

The subject-matter of the legislation provided for by section 89 of Article 21 of the Code is leases of land, and they are redeemable according to the terms prescribed by the Act.

The subject-matter of the legislation and the lease authorized by the Act of 1908, Chapter 126, is not the lease of land, but of a railroad and its franchises and the system constituting the railroad in operation. This Act manifestly intended that such leases should be permanent in duration and not redeemable, except upon the terms and conditions fixed by the lease itself.

It would not only be an unreasonable construction to hold that leases of this character were subject to the provisions of section 89 of Article 21 of the Code, and thereby redeemable according to the terms of section 89, but would defeat the clear and manifest purpose of the Act of 1908, authorizing the making of a lease for any extended period or duration by one railroad company to another.

The lease in this case is for and during the full term of nine hundred and ninety-nine years, yielding and paying the annual rent of two millions one hundred and sixty-six thousand three hundred and sixty-eight dollars, payable in half-yearly instalments, being equivalent to eight per cent. on the sum of $27,079,600 and representing the aggregate par value of the lessor's issued and outstanding stock of $19,342,550, and the increase of $7,737,050 in such capital stock to be made and issued as stock dividend when duly authorized in connection with the lease.

If, then, a lease of a railroad made under and in compliance with the provisions of the Act of 1908, Chapter 126, should be held to be subject to section 89 of Article 21 of the Code, as urged in this case, such a lease could be terminated at the end of five years from the date of such lease, thereby defeating the object and purpose of the statute itself, and the intention of the parties to the lease.

But it was contended with much urgency in argument that the lease in this case is in excess of the authority conferred by the Act of 1908, because after demising the railroad of the Northern Central Company and all property appurtenant thereto, it adds, "and all the property, real and personal, and all the assets of every kind and description of the lessor," and that any surplus lands would be redeemable under section 89 of Article 21 of the Code.

The answer to this contention, we think, is that there is nothing in the record to show that the lease includes property owned by the lessor not used in connection with its railroad or the operation of its franchise.

The presumption is, and a fair construction of the lease itself would be, that the property was to be used for railroad purposes, and that the lease extended to property owned and used by the railroad for its corporate purposes, incident to the operation and management of its franchise. There is nothing in the record or on the face of the lease to rebut this presumption.

As to the question of jurisdiction raised by the intervening petitions we need only say that it appears from the averments of the plaintiff's bill and in its answer to the petition of Thomas H. Buckler, the appellant in No. 66, that the controversy involved in this proceeding is not a fictitious or colorable one, and that the proposed lease is a real and a *bona fide* instrument.

The lease is approved by a vote of more than three-fourths of the issued and outstanding stock of the Northern Central Railway Company, lessor, and by the approval of the Pennsylvania Railroad Company, lessee. The "resolution" is filed with the bill as an exhibit and is made a part thereof, and it is upon this proviso and condition that the principal question is raised as to whether the rent is redeemable. It is as follows: "provided, however, that said lease shall not be delivered prior to the first day of March, A. D. 1911, unless on or before that date it shall have been determined and adjudged by the Court of Appeals of Maryland that the rent thereby reserved is not redeemable and that the lease is not within the scope of the existing statute of Maryland authorizing the redemption of leases of land."

But apart from this the proceedings here adopted were clearly in line with the plaintiff's duty as trustee, to protect the interest of the stockholders which it represented. The plaintiff held, it is alleged, at the time of filing the bill approximating 5,000 shares of the capital stock of the Northern Central Railway Company, and was thereby directly interested in having the question of the redeemability of the rent determined.

Nor is there any force in the contention, under the facts of this case, that these proceedings should be suspended until the decision of the suits in the Federal Courts. The questions seem to be somewhat dissimilar, but nothing we have here said is intended to affect any question except the one involved in and raised on this record, to wit, whether the rent reserved under this lease is redeemable under section 89 of Article 21 of the Maryland Code. *City of North* v. *Clark,* 99 U. S. 168.

It is difficult to conceive in what way the determination of the question in the form it is presented here can injure the rights of the minority stockholders. The interest and rights of the majority and minority stockholders appear to be the same. All of the parties and stockholders have been represented here, their contentions carefully considered, and will be passed upon by the decision of the question here involved.

In the view we take of this case it is not necessary for us to discuss the other questions presented in argument, because we all agree that the rent reserved by the lease filed with the bill of complaint is not redeemable under or by virtue of section 88 or section 89 of Article 21 of the Code of Public General Laws (1904), and that the lease is not within the terms of the statute authorizing the redemption of leases of land; but is a lease within the Act of 1908, Chapter 126, authorizing any railroad company incorporated under the laws of this State to lease its railroad and franchises, as stated in the act.

For these reasons the decree of the Court below of the 30th day of December, 1910, will be affirmed on both appeals.

*Decree affirmed, with costs.*