FREDERICK D. HALL ᴇᴛ ᴀʟ. *vs.* ADRIAN HUGHES
ᴇᴛ ᴀʟ., Rᴇᴄᴇɪᴠᴇʀs.

*Stockholders: statutory liability to creditors; unpaid subscrip-*
*tion to stock.   Receivers' Rights.   Equity: pleading and*
*practice; questions of law decided in advance.   Code,*
*Article 16, section 205; appeals.*

It is only in case of insolvency that the statutory liability of
stockholders to creditors upon their unpaid subscriptions to
stock may be enforced; and such insolvency may be estab-
lished upon proper allegations by proof of the fact, and need
not be established by decree of Court.                    p. 489

Section 79 of Chapter 240 of the Acts of 1908 (section 104 of
Article 23, Code 1912), which provides that "nothing herein
shall release, affect or impair the rights of any creditor or
creditors of any corporation, or the obligations or liability
of any corporation, or of any stockholder, or. of any cor-
porate officer, existing on the said first day of June, in the
year nineteen hundred and eight, or the remedies to enforce
to protect the same," does not prevent receivers from pro-
ceeding under section 41 of that Act (section 66 of Article
23) against stockholders, in favor of creditors who did not
become such until after the passage of the Act.        p. 494

Stockholders are liable to creditors only for debts and con-
tracts created while they are stockholders.              p. 491

If a stockholder disposes of his stock in good faith, he has no
liability thereon to creditors as to debts thereafter created.
                                                          p. 491

No appeal from an order overruling a plea to the entire bill
can be sustained under section 205 of Article 16 of the Code,
providing that the lower Court may pass an order directing
that such questions of law as are to be decided in advance
"be raised, for the opinion of the Court, either by special
case, or otherwise, when no such order was passed."    p. 494

*Decided January 17th, 1913.*

Appeal from the Circuit Court of Baltimore City (BOND.
J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Richard Culbreth,* for the appellant.

*Thomas Hughes* and *Sylvan Hayes Lauchheimer,* for the
appellees.

BOYD, C. J., delivered the opinion of the Court.

This case was previously before us on an appeal taken
by the receivers from an order sustaining the demurrer of
Messrs. Hall and Spring to the bill of complaint. We
affirmed the order, but remanded the cause so that the
receivers could by proper amendment, if they saw fit, make
the allegations held by us to be necessary. The opinion then
filed is reported in *Hughes et al., Receivers,* v. *Hall et al.,*
117 Md. 547. An amended bill was filed by the receivers
and to that these appellants filed a plea in which they averred,
"That said subscription agreement was signed and delivered
by the parties thereto before the first day of June, in the
year nineteen hundred and eight (1908)". An order was
passed overruling the plea and from that order this appeal
was taken.

The object of this proceeding is to recover from certain stockholders of the Hopkins Clothing Company the amounts alleged to have been unpaid on common stock of the company held by them respectively. In the prior case JUDGE STOCKBRIDGE, in speaking for the Court in reference to sec. 41 of Ch. 240 of Acts of 1908, p. 41 (now sec. 66 of Art. 23 of Code of 1912), said: "In this section there is thus conferred upon a receiver or other person winding up the affairs of the corporation, an express power to maintain a proceeding against the stockholders, for such sums, if any, as may remain unpaid upon the stock held by them, and that without any distinction of the character of the receiver as 'chancery' or statutory." Attention was called to the fact that the provision in that section that "in the event of the insolvency of the corporation such liability shall be considered as an asset of the corporation, and may be enforced by the receiver, trustee or other person winding up the affairs of the said corporation" was "without any mention whether such insolvency shall be established by a decree of Court, or the proof of it as a fact." After in effect holding that such receivers as the appellees could proceed in a proper case to recover unpaid subscriptions to stock, it was said: "But the primary source to look to for the payment of the debts of a corporation is the tangible assets of the corporation, and these should be first exhausted for the benefit of the creditors before recourse is had as against the stockholders." The opinion then pointed out that the bill did not show that the company was insolvent, or allege such facts as were necessary to render the stockholders liable. As the cause was remanded so that the receivers could by amendment make such allegations as were stated to be necessary, the effect of the decision necessarily was that the insolvency of the corporation could be established under proper allegations by the proof of it as a fact, and not necessarily by a decree of Court.

The defects referred to in the bill have been corrected by the amended bill, and it is shown by the allegation therein

that the company is insolvent, and that even if the sums alleged to be due by the stockholders are collected there will not be sufficient to pay the creditors in full. It alleges that the stockholders of the company named in the bill "by reason of their having been subscribers to the preferred stock thereof, received through said subscriptions as and for a bonus from said company certain shares of the common stock thereof of a par value each of one hundred dollars as hereinafter set out, without paying anything therefor, and thereby obtained for themselves against the rights of the creditors of said company, the assets and property of said company, and that they never gave any value therefor of any kind." The names of said stockholders, the number of shares of common stock so held by them, and the dates of issue thereof are given. It appears from the list that the shares held by the appellants and one held by each of two other parties were issued in 1909 and that all of the others were issued prior to June, 1908.

The contention of the appellants is that section 79 of Chapter 240 of the Acts of 1908 (section 104 of Article 23 of Code of 1912) excepts stockholders who subscribed for their stock before June 1st, 1908, from the provision authorizing receivers to sue for unpaid subscriptions. That section was amended by Chapter 53 of the Acts of 1910, but not in respect to this question. The part of it applicable to this case is: "Nothing herein shall release, affect or impair the rights of any creditor or creditors of any corporation or the obligations or liability of any corporation or of any stockholder or of any corporate officer existing on the said first day of June, in the year nineteen hundred and eight (1908) or the remedies to enforce or protect the same." Inasmuch as the bill alleges that the shares of stock held by these appellants were issued on March 30, 1909, and April 2, 1909, respectively, they filed the plea alleging that the subscription agreement was signed and delivered by the parties thereto before the first of June, 1908, their theory

being that for that reason they were included in the provision in section 104 of Article 23 above quoted.

It is shown by the amended bill that all of the debts due to the creditors of the company were contracted after June 1st, 1908, all with two or three exceptions in 1910. It is manifest, if that be true, that there were no existing rights of any of those creditors against the stockholders of this company on June 1st, 1908, for the plain reason that they were not then creditors of the corporation, in so far at least as these claims were concerned. There have been many decisions in this State in reference to the liability of stockholders for unpaid subscriptions to the capital stock of corporations, and the statutes creating the liability have been several times amended. It has been thoroughly established by these decisions that stockholders were only liable to creditors for debts and contracts created while they were stockholders. If then these stockholders had on or after June 1st, 1908, but before the debts of any of the creditors mentioned in this bill were created, disposed of those shares of stock in good faith, it could not be pretended that there would have been any existing rights of those creditors against these stockholders or that there were any obligations or liability on their part to such creditors. How then can it be said that section 79 of Chapter 240 of the Acts of 1908 reserved to these creditors remedies existing on June 1st, 1908, to enforce obligations or liabilities of the appellants when there were none, or to protect rights of the creditors when none were existing?

It is true that section 41 of the Act provides that "every stockholder of any corporation in this State shall remain liable for the benefit of its creditors for the amount of the face value of his stock, or of his subscription, in case the stock has not been issued, less the amount he shall already have paid thereon, until he shall have paid said amount in good faith," but it then provides "and in the event of the insolvency of the corporation, such liability shall be considered as an asset of the corporation and may be enforced

by the receiver, trustee or other person winding up the affairs of said corporation, notwithstanding any release, agreement or arrangement short of actual payment which may have been made between the corporation and said stockholder." There was no liability of the stockholders on June 1st, 1908, for any of the debts mentioned in these proceedings, as we have seen, and there is nothing to suggest that the corporation was then insolvent. If the appellants' contention be correct, then if the corporation had continued in business for twenty or more years after June 1st, 1908, had then become insolvent and had gone into the hands of receivers, and the appellants were still stockholders but had not paid their stock in full, section 79 would still apply, simply because the appellants were liable for unpaid stock on June 1st, 1908. Of course the Legislature did not intend that, and we do not think the language used justifies such a construction.

The statutes in force from time to time in this State making stockholders liable for unpaid stock were primarily intended to protect creditors, and before the passage of Chapter 305 of the Acts of 1908 any creditor could sue at law or in equity any stockholder, who was such at the time the debt was contracted, and recover from him to the extent of the balance due on his stock subscription,—not exceeding of course the amount of the debt due the creditor. *Steel Co. v. Equitable Society,* 113 Md. 81. That Act of 1908 amended section 64 of Article 23 of the Code of 1888 (section 72 of Article 23 of Code of 1904), and provided that "the liability of such stockholder shall be an asset of the corporation for the benefit ratably of all the creditors of such corporation, if necessary, to pay the debts of such corporation, shall be enforceable only by appropriate proceedings by such corporation or by a receiver, assignee or trustee of such corporation, acting under the orders of a Court of competent jurisdiction; provided, however, that this section shall not affect the rights of any creditor under the existing laws of this State against the stockholders who were liable to such cred-

itors at the date of the passage of this Act." That Act also added section 64-A, which provided that the exclusive remedy for the enforcement by creditors against stockholders of all rights existing under section 64, as it stood before the passage of that Act, and reserved by section 64, should be as against stockholders residing in Maryland "by bill in equity in the nature of a creditors' bill filed against such stockholders," etc. It also provided that section 64-A should become operative as of July 1st, 1907, and for the abatement of actions brought since that date, but authorized the plaintiffs in such cases to become parties to a bill in equity of the character mentioned in that section. That Act took effect on April 6, 1908, and was sustained in *Steel Co.* v. *Equitable Society, supra,* and *Bettendorf* v. *Field,* 114 Md. 487.

Chapter 240 of the Acts of 1908, which was, as disclosed by its title, "An Act to revise the corporation laws of the State," repealed sections 1 to 92, inclusive, and other sections of Article 23 of the Code of 1904, and provided as a substitute for them, seventy-nine new sections to be known as sections 1 to 79, inclusive. Other sections were also amended but are not involved in this case. That Act did not take effect until June 1st, 1908, and as Chapter 305 of the Acts of 1908 was in operation before that time, we held in the two cases last cited that the rights and remedies conferred by it on creditors of corporations against their stockholders were within the saving clause of section 79 of Chapter 240.

Section 41 is now the statute law of this State in reference to the liability of stockholders, and inasmuch as it was a part of the statute passed for the revision of the corporation laws of the State, it can not be supposed that the Legislature intended by section 79 to provide a remedy against stockholders of corporations then in existence, who had not paid for their stock, so radically different from the one it provided in the general revision ·of the corporation laws, regardless of when the debts of the creditors were contracted. If such had been its intention it would have been simpler, and the more usual way, to have reserved against stock-

holders or corporations then in existence who had subscribed for their stock prior to June 1st, 1908, the remedies in force before the passage of that Act.

So whether or not it can be said that the prior decision of this Court determined the question raised by this plea, we do now distinctly and definitely decide that section 79 of Chapter 240 of the Acts of 1908 (sec. 104 of Art. 23) is not applicable to this case, and does not in any way interfere with the receivers proceeding under section 41 of that Act (sec. 66 of Art. 23).

No other question was raised by the plea and we will not therefore consider other points argued by the appellants. As we have passed on the plea and no motion to dismiss the appeal was filed, we will not discuss the question whether an appeal could properly have been taken from an order overruling a plea to the whole bill filed by two of a number of defendants, further than to say that the right of appeal could not be sustained, as the appellants suggested, by reason of section 205 of Article 16 of the Code. That section provides that the lower Court may pass an order and direct that such question of law as is to be decided in advance as therein stated "be raised for the opinion of the Court, either by special case, or in such other manner as the Court may deem expedient." No such order was passed.

*Order affirmed, the appellants to pay the costs.*