## MAS PATENT BOTTLE CORPORATION *v.* CHARLES T. COX.

[No. 49, April Term, 1932.]

*Decided June 22nd, 1932.*

The cause was argued before BOND, C. J., URNER, AD-
KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Royall Tippett,* with whom was *George O. Blome* on
the brief, for the appellant.

*George Arnold Frick,* with whom was *William T. Haydon*
on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The appellee, Charles T. Cox, filed a bill of complaint
against the appellant, the Mas Patent Bottle Corporation, a
Maryland corporation, appellant, and Frederick H. Johnson,
president and treasurer of the appellant, praying specific
performance of a contract which the appellee alleges he had
for compensation for the sale of stock of the appellant. Both
defendants demurred, and the demurrers were overruled, but
only the corporation appealed.

The bill alleges that in August, 1931, Frederick H. John-
son, president of the appellant, entered into an oral agree-
ment with the appellee and one Henry H. Reckord, whereby
Cox and Reckord agreed to raise the sum of $20,000 in cash,
"through the sale of two thousand shares of the Class A
preferential stock of the Mas Patent Bottle Corporation of
Maryland at ten dollars per share, and whereby the said
defendant corporation and the said Frederick H. Johnson,
its President, agreed that, should the said Charles T. Cox
and Henry H. Reckord succeed in raising said sum or any
part thereof, that when and as said sum, or any part thereof

should be paid in cash into the hands of the defendants or either of them * * * the Mas Patent Bottle Corporation and the said Frederick H. Johnson, its President, would immediately pay to the said Charles T. Cox and Henry H. Reckord a sum of money equal to thirty per cent. of the amount of cash realized from such sale, and at the same time would issue, or cause to be issued, to the said Cox and Reckord ten shares of the Class B stock of the Mas Patent Bottle Corporation of Maryland for each share of the Class A preferential stock of the said corporation so sold and paid for"; that, in pursuance "of said oral agreement and contract," two sales aggregating 300 shares were made for $3,000, and subsequently, on or about September 26th, 1931, "the oral agreement previously entered into by the parties was reduced to writing, and was duly signed by the Mas Patent Bottle Corporation per Frederick H. Johnson, President and Treasurer, and sealed with the corporate seal of the defendant corporation," and signed by Cox and Reckord. The appellee alleges that of the cash commissions earned by him there is due and unpaid $71, and that none of the class B stock to which he is entitled under his contract has been issued to him. Reckord does not join in the suit, and the appellee does not know what he has been paid or whether any class B stock was issued to him.

The bill then prays an injunction to restrain the appellant from transferring or disposing of the 1,500 shares of class B stock which the appellee claims, or from disbursing, or expending any cash found to be due him, and a restraining order was passed as prayed.

A copy of the written contract referred to in the bill was filed as an exhibit, and from its provisions and the admissions contained in the bill it was expressly intended to be the agreement between the parties, so that Frederick H. Johnson should not have been made a party to the suit. Whatever understanding or agreement there was with Johnson was as an agent of the corporation (McClerman v. Hall, 33 Md. 293-296), but that question is removed by the merger of his oral agreement into the one in writing under the seal of the

corporation. *Brantly on Contracts,* 127; *Leonard v. Hughlett,* 41 Md. 380, 387. Mr. Johnson has not appealed, and as he, and not the appellant, can raise the question of his misjoinder, his being improperly made a defendant cannot be taken advantage of by the appellant, and is no reason for sustaining its demurrer on that account. *Miller's Equity Procedure,* sec. 76.

There is, however, one ground of demurrer which goes to the sufficiency of the bill, and that is the contention that the agreement of the apepllant to issue to the appellee ten shares of class B stock for every share of class A stock sold by him is forbidden by section 41 (6), article 23, of the Code, which is that "nothing in this article shall authorize the issuance of stock or convertible securities for personal services to be rendered in the future." Our construction of this provision is that it forbids stock or convertible securities to be presently issued for services to be performed after such issue. Such an agreement, that is, one for services to be performed in the future, was held valid and enforceable in *Reed & Fibre Products Corporation v. Rosenthal,* 153 Md. 501, 138 A. 665. In that case the corporation employed Rosenthal as general manager at a salary of $10,000 per year, for which he was to receive $75 a week in cash, and the balance was to be applied to the purchase of stock in the corporation. The corporation did not question the validity of such a contract, as in violation of the statute here invoked by the appellant. In the course of the opinion by Judge Digges (page 512 of 153 Md. 138 A. 665, 670) it was said: "We are aware of no legal obstacle which would prevent a corporation from making such a contract. By this contract it secures the services of an officer or employee, it being ostensibly for the mutual benefit of the corporation and Rosenthal, the corporation thereby receiving the services of Rosenthal, and in turn he being entitled to the salary or compensation agreed upon." In view of this decision, with which we still agree, it is not necessary to prolong this opinion.

*Order affirmed, with costs, and case remanded.*