PAMELA WEBSTER SCHEIHING *v.* BALTIMORE AND OHIO R. R. COMPANY

[No. 12, October Term, 1941.]

*Decided January 6, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Hyman Ginsberg,* with whom were *George B. Petite, Silverberg & Silverberg* and *Ginsberg & Ginsberg* on the brief, for the appellant.

*James Morfit Mullen* with whom was *Harry D. Kaufman* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

George Elmer Scheihing, about eighteen years before his death at State Sanitarium, Maryland, on February

28, 1939, was an employee of the Baltimore and Ohio Railroad Company. On October 16, 1930, he applied for membership in the Relief Department of the Railroad, an insurance branch of the railroad, for a policy of $2,000, for death for natural causes only, and named his wife, Pamela W. Scheihing, the appellant, as beneficiary, "or to whom I may hereafter from time to time designate in writing by way of substitution, with the written consent of the superintendent." It does not appear in the record when, but for a long time before his death, George E. Scheihing and his wife, Pamela, had been separated, she living since the separation at Norfolk, Virginia. On July 9, 1938, he obtained a decree of absolute divorce from his wife Pamela, and on the 11th day of July, 1938, he was married to the appellee, Maude E. Scheihing. On the 28th day of February, 1939, George E. Scheihing died of tuberculosis at the Maryland State Sanitarium. The 8th day of August, 1938, George E. Scheihing applied to the Superintendent of the Relief Department of the Baltimore and Ohio Railroad for a change of beneficiary of his insurance policy from Pamela Scheihing to his wife, Maude E. Scheihing, and on the same day the application was approved by W. M. Kennedy, the superintendent.

After the death of George E. Scheihing, on March 7, 1940, Pamela Scheihing filed a bill against the Baltimore and Ohio Railroad, alleging that George Scheihing, unknown to her, until the day of his funeral, by fraud and perjured testimony had procured a divorce from her, and that simultaneously with the filing of that bill, she had filed one to set aside and vacate the decree of divorce; that it was not until after the death of George E. Scheihing that she learned of the change of beneficiary in the policy of insurance, and that if the decree of divorce be set aside, she would, under the by-laws of the Association be restored as beneficiary.

The bill then prayed the passage of an order restraining the Baltimore and Ohio Railroad Company from paying any monies or other benefits which may accrue

until the final disposition of her petition to set aside the decree of divorce.

The Railroad Company answered this bill, and later Maude E. Scheihing asked leave to be made a party defendant, and prayed an order on the Baltimore and Ohio Railroad Company to show cause why it should not pay the proceeds of the insurance policy to her. This petition was also answered by the Railroad Company. Both of its answers disclaimed any interest in the controversy and after the answer of Pamela Scheihing to the petition of Maude E. Scheihing, the Railroad Company paid the sum of two thousand dollars in court, and thereafter the case proceeded with Pamela Scheihing as plaintiff and Maude E. Scheihing as defendant, and it is from a decree directing the clerk of the Circuit Court No. 2, to pay the fund to Maude E. Scheihing, the plaintiff appeals.

It appears that before the hearing in this case, after two days had been consumed in the other case to set aside the decree of divorce, the plaintiff dismissed it.

The plaintiff's brief and oral argument was practically all taken up with the contention that at the hearing, at the conclusion of which the decree was passed, "the appellant was not afforded an opportunity properly to present her case," and that "she was, therefore, denied her right to due process of law."

The plaintiff contends that the only matters to be taken up at the hearing were questions of law. Such procedure is permissible under the Code, 1939, Art. 16, Sec. 226, by which the "court may make an order * * * and may direct such question of law to be raised for the opinion of the court, either by special case or in such other manner as the court may deem expedient; and all such proceedings as the decisions of such questions of law may render unnecessary may therefore be stayed." Such a proceeding is not a demurrer but is intended to be rid of irrelevant questions which have no part in a controversy, so as to leave the decision to the point of the case. In this respect it much resembles the recent rules of court applicable to cases at law. The court may, of its own

motion or order, direct such questions to be decided. *Buckler v. Safe Deposit & Trust Company,* 115 Md. 222, 225, 80 A. 899; *Hall v. Hughes,* 119 Md. 487, 494, 87 A. 387; *Robinson v. Hospelhorn,* 169 Md. 117, 122, 179 A. 515, 184 A. 903, 103 *A. L. R.* 740; *Ruhl v. Wagner,* 146 Md. 595, 601, 127 A. 495.

The record does not show just what the plaintiff now contends, and that is that the hearing was had for the sole purpose of arguing questions of law. The case had been set down for hearing twice before, with the plaintiff not ready on either occasion. The third time, which is the one now in this court on appeal, the defendant submitted all of her evidence, all of which appears to have been conceded by the plaintiff, and that was the decree of divorce of George E. Scheihing from Pamela W. Scheihing, the plaintiff, the death of the employee of the Railroad Company, George E. Scheihing the by-law of the Railroad Company's Relief Association respecting the change of beneficiary, the application of the employee for the change of beneficiary, and the assent thereto of the superintendent, all of which was conceded by the plaintiff. Although this case did not originate formally as a bill of interpleader, when the Railroad Company paid the proceeds of insurance or death benefits, it resolved itself into an ordinary case of interpleader in which the parties cannot prevail on the weakness of the other's claim or title, but on the strength of their own. *Scott v. Marden,* 153 Md. 14, 137 A. 523.

After the submission by the defendant of their evidence, which the court characterized as a stipulation, the chancellor held:

1. "That the deceased, George E. Scheihing, left no estate and there would be no property rights prejudiced by the passage of a divorce decree." In this decision he was fully supported by the decision in *Bullen v. Safe Deposit & Trust Co.,* 177 Md. 271, 279, 9 A. 2d 581. In addition to that authority, it has been frequently held that, after the death of one divorcee, the decree of divorce cannot be attacked by the surviving spouse unless

property rights are involved. *Thomas v. Thomas*, 57 Md. 504; *Johnson v. Heald*, 33 Md. 352, 368; *Bell v. Bell*, 181 U. S. 175, 178, 21 S. Ct. 551, 45 L. Ed. 804, 807; 17 *Am. Jur.* 378, sec. 462.

2. "That the Baltimore and Ohio Railroad Company, the insurer, is the only party who could, under the insurance certificate and its by-laws, contest the change of beneficiary." It was so held by this court in the case of *Ringler v. Ringler*, 156 Md. 270, 279, 144 A. 221, which was concerned with a contract or policy in the Relief Department of the Baltimore and Ohio Railroad Company.

3. "Under the insurance certificate and regulations, it is conclusively shown that Pamela Scheihing was not such a beneficiary as had a vested interest as beneficiary for the reason that under said regulations, the Baltimore and Ohio Railroad Company could approve any change in beneficiary or even substitute any person or persons in place and stead of a designated beneficiary."

At the conclusion of this statement by the chancellor, counsel for the plaintiff protested that their client had not had her day in court, and on then being asked by the chancellor to make an offer of proof, counsel protested that they were "not able to make a satisfactory offer of proof on such short notice," although this was the third time the case had been set for hearing. What the plaintiff's counsel, at this hearing, had done was to admit the truth of every fact which the defendant had alleged and proved in support of her claim to the insurance. Under these circumstances, the appellant can hardly be heard to complain that she has not had her day in court. *Ex parte Cleio Hull*, October Term, 1940, 312 U. S. 546, 61 S. Ct. 640, 85 L. Ed. 1034, cited by appellant. She was in court and admitted her case away. There was nothing for the chancellor to do but decide the case as he did, as, in the face of defendant's evidence and the admissions of the plaintiff, any evidence proffered by the plaintiff would have been inadmissible and irrelevant.

Section 18 of the by-laws of the Relief Association provides that: "Except as is hereinafter provided, the beneficiary or beneficiaries named in any application for membership, if the applicant be married, must be his wife and his wife and children. On the event of subsequent absolute divorce, the rights of the former wife as beneficiary in her place, and her former share of the benefits, subject to the terms of this Regulation, shall be paid to the member's next of kin, as determined by the laws of the State of Maryland. The marriage of a member at any time shall immediately, without a written designation, substitute his wife as his sole beneficiary in the place and stead of the persons who were his beneficiaries at the time of his marriage, unless the member, with the written consent and approval of the superintendent designate such other beneficiary as is permitted under the Regulation. * * * The Superintendent, in his discretion, may also permit a member to designate as his beneficiary a person not related to him by blood."

Under the decision in *Thomas v. Thomas,* 57 Md. 504, the decree for divorce cannot be attacked after the death of one of the divorcees, unless property rights are involved. In *Bullen v. Safe Deposit & Trust Company,* 177 Md. 271, 279, 9 A. 2d 581, it was held that an insurance policy (not payable to the insured's estate) was not part of his estate.

For the reasons assigned, we are of the opinion that the plaintiff did have her day in court, and that the conclusions of the chancellor should be affirmed.

*Decree affirmed with costs.*