COMMISSIONERS OF CAMBRIDGE *v.*
EASTERN SHORE PUBLIC SERVICE COMPANY

[No. 100, October Term, 1949.]

654

*Decided March 9, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Frederick P. McBriety*, with whom was *Emerson C. Harrington, Jr.*, on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*Frederick W. C. Webb* and *Woodcock, Webb, Bounds, Travers & Adkins*, on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

On the former appeal in this case we sustained against a demurrer, the bill of complaint for a declaratory decree that defendant is without a franchise to serve the citizens of Cambridge with electricity. *Commissioners of Cambridge v. Eastern Shore Public Service Company*, 192 Md. 333, 64 A. 2d 151. After remand of the case plaintiff filed a petition "that a jury be impanelled as provided in Section 9 of Article 31A of Flack's 1939 Code for the

purpose of determining the following issue of fact:' Does the defendant hold a franchise to operate its business within the corporate limits of Cambridge?" Section 9 of Article 31A, the Uniform Declaratory Judgments Act, (which is not uniform as to section 9, since that section is taken, part from the draft act, part from the federal act), provides, "9. (Jury Trial.) When a proceeding under this Article involves the determination of issues of fact, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, and either a general or special verdict may be taken." Plaintiff contends that this provision for submission of issues to a jury is not discretionary, but mandatory, even in an equity case, thus overthrowing equity procedure, as settled for centuries in Maryland and in England, (*Borssuck v. Pantaleo*, 183 Md. 148, 36 A. 2d 527, 156 A. L. R. 1140; *Chase v. Winans*, 59 Md. 475; Miller on Equity Procedure, § 232), and also providing means of insuring delay in a special procedure designed to expedite justice. The instant case is an equity case; the nature of the case is equitable, and after declaratory relief the only relief plaintiff could obtain would be equitable.

On plaintiff's petition an order to show cause was passed. Dedendant filed an answer, showing cause, to which plaintiff filed a replication, in which it demurred to the answer. The court overruled plaintiff's demurrer and dismissed its petition for submission of an issue to a jury. Plaintiff has appealed from the orders of the court in (1) overruling its demurrer, and (2) denying its petition.

More than a bare statement, that an order overruling a demurrer to an answer to an order to show cause on a petition for submission of an issue to a jury is not a final or appealable order, would be superfluous.

The order denying the petition likewise is not final or appealable. Plaintiff invokes section 226 of Article 16 of the Code, which provides that "if it appear to the court * * * that there is a question of law in any case,

which it would be convenient to have decided before any evidence is given, * * * the court may make an order accordingly, and may direct such question of law to be raised for the opinion of the court * * * in such * * * manner as the court may deem expedient * * *." In this case no such order was made. *Hall v. Hughes,* 119 Md. 487, 494, 87 A. 387. Moreover, the decision of a question raised under section 226 is appealable if the nature of the question and the decision makes it appealable, (*Buckler v. Safe Deposit & Trust Co.,* 115 Md. 222, 80 A. 899), not otherwise. In the instant case denial of plaintiff's petition is a routine interlocutory procedure order, which does not become anything else through an attempt to describe it in the words of section 226.

*Appeal dismissed, with costs.*