THE A. S. ABELL COMPANY *v.* SKEEN, individually
and t/a Warner & Company ET AL.

[No. 225, September Term, 1971.]

*Decided March 15, 1972.*

54

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Joseph H. Colvin* for appellant.

*John H. Skeen, Jr.*, with whom were *Skeen & Roach* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

This action was initiated by The A. S. Abell Company, appellant, publisher of the Sun newspapers in Baltimore City, against the appellee, Richard T. Skeen, individually and t/a Warner & Company, as well as Warner & Company, Incorporated.[1] The dispute involves a $3,730.97 unpaid bill owed to Abell for advertisements it printed in its newspapers from December 1967 to May 1968. For many years appellant ran advertisements for Warner, a long established and well known haberdashery located in Baltimore City. Each February two contracts were entered into which provided that the Morning, Evening, and Sunday Sunpapers would advertise the clothing store's merchandise.

While it is not contested here that $3,730.97 is owed

---

1. Warner & Co., Inc. was adjudicated to be bankrupt by the United States District Court, District of Maryland (Bankruptcy No. 13,287). Appellant filed a claim in those proceedings and has abandoned further prosecution against the corporation in this case.

to the appellant, there is a controversy as to whether the appellee, Richard T. Skeen, is responsible for that debt. Abell argues that Skeen is personally liable for the unpaid bill since he signed the advertising agreements either individually or as an agent for an undisclosed principal. Appellant also claims that even if the documents facially disclose they were signed in a representative capacity, there is nothing which demonstrates that the principal was a corporation. The newspaper contends that under Art. 23, § 5 of the Maryland Code (1957, 1966 Repl. Vol.) the use of the name "Warner & Co." in the contracts is an indication that a corporate entity is not involved. That section provides in part:

"The name of the corporation—

(1) Shall be such as to indicate that it is a corporation. This provision shall be deemed to be complied with if the name contains the word 'corporation,' 'incorporated' or 'limited'; or ends with an abbreviation of one of such words; or ends with the word 'company,' if such word is not immediately preceded by the word 'and' or any symbol therefor."

In a non-jury trial, Judge Naughton, sitting by special assignment in the Batimore City Court, decided that the contracts were signed by Skeen in his representative capacity as president, and therefore an authorized officer of Warner & Company, Inc., a disclosed principal. In our opinion there is evidence which supports this conclusion and we do not find it to be clearly erroneous. Maryland Rule 886. Under this rule we must consider the evidence produced at trial in a light most favorable to the prevailing party there and if substantial evidence was presented to support the trial court's determination, it is not clearly erroneous and cannot be disturbed. However, the conclusions of law based on the facts can be reviewed. *Liller v. Logsdon,* 261 Md. 367, 368-69, 275 A. 2d 469 (1971) ; *Simmons v. B & E Landscaping Co.,* 256 Md. 13, 17, 259 A. 2d 314 (1969).

The law in this jurisdiction concerning an agent's con-

tractual liability in such circumstances as exist in the present case is well established. If an agent, acting for his principal, enters into an agreement with a third party, he is personally responsible under that contract if the identity of his principal is not fully disclosed and is in fact unknown to the third party. This concept encompasses two basic factual situations; where the third party knows there is an agency relationship but is unaware of the principal's identity; and where the third party is not even cognizant that an agency relationship exists. *Garfinkel v. Schwartzman,* 253 Md. 710, 727-28, 254 A. 2d 667 (1969) ; *Vail v. Walker,* 199 Md. 441, 448, 87 A. 2d 171 (1952) ; *Burkhouse v. Duke,* 190 Md. 44, 46, 57 A. 2d 333 (1948) ; *Hospelhorn v. Poe,* 174 Md. 242, 257-61, 198 A. 582 (1938). *Restatement (Second) of Agency* § 322 (1958). Generally, if an agent fully discloses the identity of his principal to the third party, then, absent an agreement to the contrary, he is insulated from liability. *Ace Development Co. v. Harrison,* 196 Md. 357, 366, 76 A. 2d 566 (1950) ; *Burkhouse v. Duke, supra* at 46-47; *Mas Bottle Corp. v. Cox,* 163 Md. 176, 178, 161 A. 243 (1932) ; *McClernan v. Hall,* 33 Md. 293, 296 (1870). However, this is subject to exception when the purported principal that is disclosed is nonexistent or fictitious; or when the principal is legally incompetent. *Resnick v. Abner B. Cohen Advertising,* 104 A. 2d 254 (D. C. 1936) ; 3 C.J.S. *Agency* § 213.

In this case the advertising contracts Skeen signed each contained a signature block which appears as follows:

Signed ........................... *Warner & Co.* ...........
Firm Name

.......*Richard Vo.*.......................................
Partner of Firm or Officer Signing

Accepted: THE A. S. ABELL COMPANY

7-1-67 ...................................................
Advertising Manager

On their face these documents exhibit that the appellee was not acting individually but rather in a representative capacity. There are other facts in the record in addition to the signature block and, taken as a whole, this evidence can support the conclusion that appellee acted as an agent for a principal known to Abell to be a corporation. To begin with, Edward Shore, Jr., the paper's representative in the contract negotiations, stated that he knew appellee was at least an officer of Warner and maybe its president when the various agreements were signed. Next, there was testimony from Skeen that some fifteen years ago appellant had published an article in one of its Sunpapers noting his election as president of Warner & Co., Inc. Skeen also stated that over the years the checks given in payment to the newspaper for advertisements were signed by him as an authorized officer of "Warner & Company, Incorporated." It should be noted that the trial court correctly determined that Abell had the burden of proving it was unaware of the agency-principal relationship and Judge Naughton ascertained that burden had not been met. We think the evidence here permitted the judge to conclude, as he did, that Abell was aware appellee acted as an agent for a principal whose identity it knew to be Warner & Company, Inc. This finding of fact is not clearly erroneous and therefore we are without power to disturb it. Rule 886.

Appellant posits several other arguments in an harried attempt to escape imminent defeat—but to no avail. The first claim is that the trial court erred in denying Abell's motion for summary judgment. Rule 610 sets out the procedures to be followed in such a motion and § d 1 provides that:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In making his ruling the trial judge had before him not only apellant's motion accompanied by affidavit, but also, according to the docket entries that are printed in the record extract, the following:

> "Defendant's (Richard Skeen) Pleas in Assumpsit, Affidavit, Answer to Plaintiff's Motion for Summary Judgment and his own Motion for Summary Judgment and Affidavit filed. Copy mailed.
>
> [and]
>
> Plaintiff's Exception, Answer and Affidavit in Opposition to Counter-Motion of Richard Skeen for Summary Judgment filed. Copy mailed."

For us to make a determination that the trial court erred in denying this motion we must consider these same pleadings. However, the appellant has only printed in the record extract its motion for summary judgment with supporting affidavit; the other pleadings, listed in the docket entries, have not been included. In essence, Abell is asking us to consider only one side of the proverbial coin—its own—in deciding whether this motion was improperly denied. We can not oblige. To deny this Court the information it needs to properly determine the question is to effectively prevent us from reviewing the propriety of the trial court's decision. Rule 828 b 1 states in part that:

> "The printed extract shall contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal, and shall include:
>
> . . .
>
> (b) So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court."

We have called attention to this rule on many occasions and have made it abundantly plain that compliance with it is "a mandatory requirement." *Walsh v. Lewis Swim. Pool Constr.*, 256 Md. 608, 617, 261 A. 2d 475 (1970) ; *Shelton v. Shelton,* 255 Md. 151, 257 A. 2d 155 (1969) ; *Naughton v. Paul Jones & Co.,* 190 Md. 599, 604, 59 A. 2d 496 (1948).

The newspaper's next argument is that the trial court erred in denying, without a hearing, its motion for a judgment n.o.v. or in the alternative a motion for a new trial. Rule 563 specifically deals with the procedures involved in making a motion for a judgment n.o.v. and § d states: "This Rule shall not apply to cases tried before the court without a jury." It is quite clear, not only from this rule but also from our decisions, that a motion n.o.v. has no place in a non-jury trial. See *Maryland Lumber Co. v. Legum,* 197 Md. 483, 495, 80 A. 2d 34 (1951) ; *Harris v. Kirshner,* 194 Md. 139, 147, 70 A. 2d 47 (1949). As to Abell's claim that its motion for a new trial was summarily denied without a hearing, in disregard of Rule 1210 c, the record here is totally silent on whether there is any basis for this allegation. All the record discloses is appellant's motion for a new trial and Judge Naughton's written order denying it. If Abell was desirous of being heard on this motion and was not afforded such an opportunity, it should not have remained silent. Instead, the newspaper should have sought a new hearing or taken other remedial action, supported if necessary by affidavit, in order to preserve the matter for review. *Cf. Dorsey Bros., Inc. v. Anderson,* 264 Md. 446, 287 A. 2d 270 (1972). Recently, in *Carlile v. Two Guys from Harrison,* 264 Md. 475, 287 A. 2d 31 (1972), we stated that "a trial judge's granting or refusing a new trial—fully, partially, conditionally, or otherwise—is not reviewable on appeal except under the most extraordinary or compelling circumstances." One of the rare exceptions to this general rule was found to exist in *Wash., B. & A. R. Co. v. Kimmey,* 141 Md. 243, 250, 118 A. 648 (1922), where the trial judge, in effect, refused to

even consider a motion for a new trial. The record there reflected the circumstances surrounding the ruling and consequently this Court reviewed that refusal. Here, the record discloses nothing upon which we can act.

Abell's last contention is that its application for a separate trial of the issues, under Rule 502 a, should have been granted when, in fact, it was not even considered by the trial court. That rule states:

> "a. *Question of Law—Stay—Appeal.*
>
> At any stage of the action, the court *may*, on application of any party or of its own motion if it shall appear that there is a question of law which it would be convenient to have decided before going further, direct such question to be raised for the court's decision in such manner as the court may deem expedient." (Emphasis added.)

Clearly this language permits, but does not require, the judge to grant a request for a separate trial on an issue of law. And his judgment cannot be disturbed unless it is shown that he abused his discretion. *Cf. Cambridge v. Eastern Shore Etc. Co.*, 194 Md. 653, 655-56, 72 A. 2d 21 (1950). Here there is no such showing. In any event, since appellant did not ask the court to rule on this motion before the case was tried, the newspaper in effect withdrew its request.

We find the trial court did not err and affirm its decision.

<em>Judgment affirmed.<br>Costs to be paid by appellant.</em>